CO 1947
Rev 10/86

**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

**FILED**

Samuel L. Byrd, Jr. # 02016-016

USP-Big Sandy, P.O. Box 2068

Inez, KY 41224

FEB - 9 2007

NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

**(Enter above, full name, prison number
and adress:)**  Plaintiff, ET Al.

VS.

U.S. Parole Commission

Edward F. Reilly, Jr. - Chairman

Otis Thomas - Examiner

P. Denton - Parole Member

John Doe # 1 - Parole Member

T. Jackson  - F.O.I.A. Technician

A. Hunter - F.O.I.A. Specialist

John Doe # 2 - Parole Member

CIVIL ACTION NO.

CASE NUMBER  1:07CV00332

JUDGE: Rosemary M. Collyer

DECK TYPE: Pro se General Civil

DATE STAMP: 02/9/2007

## COMPLAINT FOR VIOLATION OF CIVIL RIGHTS

### Instructions for filing a complaint by a prisoner under the Civil Rights Act, 42 U.S.C. Section 1983

This packet contains one copy of a complaint form and one copy of a forma pauris petition.  To start an action, you must file an original and one copy for the Court and one copy for each defendant you name.  For example, if you name two defendants, you must file the original and three copies of the complaint.  You should also keep an additional copy of the complaint for your own records.  All copies of the complaint must be identical to the original.

The Clerk will not file your complaint if these instructions and these forms are not USED.

Your complaint must be clearly handwritten or typewritten.  You, the plaintiff, must sign and declare under penalty of perjury that the facts are correct.  If you need additional space to answer a question, you may use another blank page.

Your complaint can be brought in this court only if one or more of the named defendants is located within the District of Columbia.  Further, you must file a separate complaint for each claim that you have unless they are all related to the same incident or problem.

# RECEIVED

JAN 2 5 2007

NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

In order for this complaint to be filed, it must be accompanied by the filing fee of $150.00. In addition, you must serve a copy of the complaint on each of the defendants in any of the ways provided for in Rule 4, Federal Rules of Civil Procedure.

If you are unable to pay the filing fee and service costs for this action, you may petition the Court to proceed in forma purperis. One blank petition for this purpose is included in this packet. This petition should be filed with your complaint.

The law requires that you state only facts in your complaint. COMPLAINTS CONTAINING LEGAL ARGUMENTS OR CITATIONS WILL NOT BE FILED.

When these forms are completed, maile the original and the required copies to the Clerk of the United States District Court for the District of Columbia, Third Street and Constitution Ave., N.W., Room 1825, Washington, D.C. 20001.

## I. PREVIOUS LAWSUITS

A. Have you begun other lawsuits in state or federal court dealing with the same or similar facts involved in this action?     Yes ( )     No (X)

B. Have you begun other lawsuits in state or federal court drelating to your imprisonment?   Yes ( )     No (X)

C. If your answer to A or B is Yes, describe each lawsuit in the space below.(If there is more than one lawsuit, describe the additional lawsuits on another piece of paper, using the same outline.)

    1. Parties to this previous lawsuit.

       Plaintiffs:_____N/A_____

       Defendants:_____N/A_____

    2. Court (If federal court, name the district; if state court, name the County):
      _____N/A_____

    3. Docket number:_____N/A_____

    4. Name of judge to whom case was assigned;_____N/A_____

    5. Disposition (for example: Was the case dismissed? Was it appealed? Is it still pending?_____N/A_____

    6. Approximate date of filing lawsuit;_____N/A_____

    7. Approximate date of disposition:_____N/A_____

II. PLACE OF PRESENT CONFINDMENT:   USP-Big Sandy, P.O. Box 2068
                                    Inez, Kentucky 41224

A.  Is there a prisoner grievance procedure in this institution?  Yes(X)  No ( )
    If your answer is Yes, go to Question II B, C and D and go to Question II E.

B.  Did you present the facts relating to your complaint in the prisoner grie-
    vance procedure   Yes ( )    No (X)

C.  If your answer is  Yes to Question II B

    1.  To whom and when did you complain? D.C. Parole done by the Parole
        Commission are not appealable

    2.  Did you complain in writing?  (Furnish copy of the complaint you made,
        if you have one.) I wrote the Chairman, F.O.I.A. Technician
        and received a answer from the F.I.O.A. Specialist

    3.  What, if any response, did you receive?  (Furnish copy of response if
        in writing). My parole tape was Blank but I was receiving
        other documents. Note * None I asked for.

    4.  What happened as a result of your complaint? Nothing happened.
        I'm told my tape recording of my parole hearing is Blank.

D.  If your answer is no to Question II B, explain why not. D.C. has no
    grievance system for the parole board.

E.  If there is no prison grievance procedure in the institution, did you com-
    plain to prison authoritiess?  Yes ( )   No (X)

F.  If your answer is Yes to Question II E,

    1.  To whom and when did you complain?          N/A

    2.  Did you complain in writing?  (Furnish copy of the complaint you made,
        if you have one).                 N/A

    3.  What, if any response, did you receive?  (Furnish copy of response if
        in writing.                  N/A

    4.  What happened as a result of your complaint?    N/A

## III. PARTIES

(In item A below, place your name and prison number in the first blank and place your present address in the second blank, Do the same for additional plaintiff, if any).

A.  **Name of Plaintiff:** Samuel L. Byrd, Jr. # 02016-016
    **Address:** USP-Big Sandy, P.O. Box 2068
    Inez, Kentucky 41224

B.  **Defendant:** U.S. Parole Commission
    **Address:**   5550 Friendship Blvd.
    Chevy Chase, Maryland 20815-7201

    **Defendant:** Edward F. Reilly - Chairman
    **Adress**   5550 Friendship Blvd.
    Chevy Chase, Maryland 20815-7201

    **Defendant:** Otis Thomas - Examiner
    **Adress:**   5550 Friendship Blvd.
    Chevy Chase, Maryladnd 20815-7201

    **Defendant:** P. Denton - Parole Member
    **Address:**   5550 Friendship Blvd.
    Chevy Chase, Maryland 20815-7201

    **Defendant:** John Doe # 1 & John Doe # 2 - Parole Members
    **Address:**   5550 Friendship Blvd.
    Chevy Chase, Maryland 20815-7201

    **Defendant:** A. Hunter - F.O.I.A. Specialist
    **Address:**   5550 Friendship Blvd.
    Chevy Chase, Maryland 20815-7201

    **Defendant:** T. Jackson - F.O.I.A. Specialist
    **Address:**   5550 Friendship Blvd.
    Chevy Chase, Maryland 20815-7201

## IV. STATEMENT OF CLAIM

(State here as briefly as possible the facts of your case. Describe how each defendant is involved.  Include the names of other persons involved, dates, and places.  Do not give any legal arguments or cite any cases, or statutes. If you intend to allege a number of related claims, number and set forth each claim in a separate paragraph.  Attach extra sheets if Necessary.) Extra pages maybe added, lable them "IV. STATEMENT OF CLAIM CONTINUED."

This suit is brought to the Parole Commission for illegal practicces against plantiff at his parole hearing. The use of inaccurate information, denial of due process the violations of my 5th. and 14th. Amendments and total disregard for the Ex Post Facto laws.

Continue on Page # 5

## IV. STATEMENT OF CLAIM

This action is the result of parole being denied Samuel L. Byrd, Plaintiff. The violation of his 5th and 14th Amendments to the U.S. Constitution and Due Process Clause. The unjust five (5) year reconsideration given by the parole board.

### Jurisdiction

(1)    This Honorable Court has jurisdiction pursuant to U.S.C. Title 42 Sec. 1983 and supplemental jurisdiction pursuant to Title 28 U.S.C. Sec. 1367, 1331 and 1343 et al. This proceeding is against the U.S. Parole Commission and a number of its employees under a Sec. 1983 action because they are acting under the color of the D.C. Code State Law (via an act of the U.S. Congress) and as such can be sued like other State defendants. Venue is believed to be conferred under 28 U.S.C. Sec. 1391 (e), 42 U.S.C. Sec. 2000cc - 1 (R.L.U.I.P.A.) and the U.S. Constitution Article 1 Section (9) Clause (3) Section (10) Clause (1).

(2)    Plaintiff is a D.C. Code offender serving a mandatory 20 years to life and a non-mandatory 12 years aggregated by prison officials for a total of 32 years to life. I've served 27 years of said sentence. Plaintiff is now presently domiciled at USP - Big Sandy, P.O. Box 2068, Inez, Ky. 41224, which is a facility of the Bureau of Prisons. At all times relevant to this action plaintiff has been housed here.

(3)    This complaint is in reference to the denial of parole and the giving of a five (5) year ceremonial reconsideration hearing. The parole examiner, Mr. Thomas, made it clear that he was partial by stating, "If you were a California prisoner you would not be before me with the three (3) strikes you have." This exchange was heard be two (2) B.O.P. officials and contained within the parole tape.

(4)    Plaintiff contends that the parole commission knew or should have known that plaintiff had served his mandatory sentence on his 20 to life sentence (240 months) and $1/3$ of his 12 years non-mandatory sentence (48 months) but elected to wait 30 months before giving plaintiff a parole hearing. Plaintiff has a base point guideline score of a 9 resulting in a base point guideline range of 110 - 140 months. This 110 - 140 months was added to the months required to serve to the parole eligibility date, in this case 326 - 326 months. Under these newly enacted, federal parole regulations I'm required to serve 442 - 486 months. This range translate to 36 years 8 months (442) to 40 years 5 months (486).

(5)    Mr. Thomas (the examiner) and his parole co-signers only gave me 6 months for Superior Programming recognizing only the CODE program. However, they acknowledge over 693 educational hours and over 24 years of constructive "rehabilitative programming." Plaintiff contends he should have been awarded 8 years 8 months for Superior Programming instead of the 6 months.

(6)    The examiner and co-signer commissioner made a number of errors and mistakes in their appraisal of my Salient Factor Score (SFS). I was given points for an assault on a police and their own records show I was in jail the date of the crime.

(7)    The examiner, Mr. Thomas, used double counting in his / their evaluation and information to compute my eligibility for parole.

(8)    Plaintiff contends that the parole board has conspired to deny him due process and punish him with unjustified reconsideration hearing in the future. I contend that this allegation is factual and supported by "legal document(s)"

from the parole board.  Said document(s) were accidentally given to the
plaintiff and will show the parole board has conspired to deprive me of my liberty.
Plaintiff suggest the root of this conspiracy is a result of me questioning
examiner Mr. Thomas as to why was I being recommended for a five (5) year
reconsideration and that I viewed his recommendation as an act of securing his
job for another five (5) years.

(9)     Plaintiff contends that he did not receive a parole hearing on September 6,
2006, and draw this conclusion based on the following events.  On the above
date plaintiff was summoned to a small room inside the prison hospital and told
he was about to see the parole board.  Upon entering I saw nobody and told my
hearing was a "Video Conferencing Parole Hearing."  I questioned Mr. Thomas
as to the legality of the hearing because D.C. parole hearings are all "In House
Hearings" and I was expecting to see at least a living person after 27 years.
During a very long conversation the examiner made it emphatically clear that
any delays in seeing the board that day could be very disastrous, leaving the
plaintiff with false hopes that he had a chance to make parole.  At one point the
audio went out and I had to repeat myself several times.  During the hearing I
presented some educational documents which Mr. Thomas asked my case
manager, Mrs. Melissa Parr, to verify as authentic, and asked her to contact the
CODE Specialist to verify my CODE completion.  At no time was he, Mr.
Thomas, able to personally examine any of my documents.

(10)   Plaintiff contends that D.C. Parole Guidelines mandates all hearings held "In
House," i.e., person to person is required.  The Charlies' Angles staged parole
hearing, i.e., a black box on a table with a voice claiming to be a federal parole

3

examiner is just another way of circumventing the D.C. Parole Board Guidelines
and Regulations.

(11)   Plaintiff contends that his "staged parole hearing" was so unjust that the
commission or persons unknown erased the entire parole tape to cover - up
their illegal actions. However, I'd ask that the parole decision be scrutinized
very carefully. My biggest question is how was a decision given with a blank
tape? Either the co-signers of the commission heard the tape and the
hearing was illegal and then erased the tape to protect themselves. At no time
was I informed of any stenographer taking or recording the hearing. Said action
is a violation of the plaintiff's due process, 5th and 14th Amendment. D.C. Parole
decisions are none appealable and there is no exhaustion of administrative
remedy in the prison or the U.S. Department of Justice concerning the U.S.
Parole Commission. The U.S. Parole Commission is autonomous from the D.C.
Department of Corrections, Bureau of Prison or the U.S. Justice Department.
They answer only to the Congressional Judiciary Oversight Committee and the
United States Courts.

(12)   Plaintiff seeks damages, injunctive relief and declaratory judgment where
necessary to protect his rights against the violative actions of the U.S. Parole
Commission under the 5th and 14th Amendment of the U.S. Constitution and
provisions of 42 U.S.C. Sec. 1983, 42 U.S.C. z 2000cc -1, R.L.U.I.P.A., 28
U.S.C. Sec. 1331, 1343 (3) (4), 1367 ect., including equal protection from
harassment and freedom from discrimination.

4

.   .   .   .   .   .   .   .   .   Factual Allegations   .   .   .   .   .   .   .   .   .

Parties To The Suit:

(13)   Plaintiff: Samuel L. Byrd is serving a mandatory 20 years to life and a non-
       mandatory 12 year sentence running consecutive. Judge Fred B. Ugast did
       not sentence plaintiff to 30 years to life. These sentences are a result of his
       conviction for murder.

(14)   Defendant: U.S. Parole Commission (herein after "Commission"). The
       Commission is an independent agency of the U.S. Department of Justice.
       Because of Congress passing of the 1997 National Capital Revitalization Act it
       empowered the Commission to hear District of Columbia code offenders under
       the Old and New laws. The Commissions' decisions on D.C. code offenders
       according to its Notice of Action, "THE ABOVE DECISION IS NOT APPEAL-
       ABLE." However, the Commission is responsible for its actions, rules,
       regulations and policies that does harm or good to a citizen / person. It is
       believed that the use of supplemental jurisdiction makes this agency suable
       because the Commission acts under the Color of D.C. law.

(15)   Defendant: Edward F. Reilly, Jr., is the Chairman of the U.S. Parole
       Commission. He serves as the chief policy - maker for the District of Columbia
       Parole Board and the Federal U.S. Parole Commission. He is an employee of
       the U.S. Department of Justice although the U.S. Parole Commission is an
       autonomous - wing of the Justice Department. He is responsible for
       conforming the 1985 D.C. Board of Parole Guidelines to the Federal U.S. Parole
       Guidelines. Said 1985 D.C. Guidelines were not used in plaintiff's "staged

5

parole hearing" on September 6, 2006. At all time relevant to this complaint he has served in the capacity of Parole Commissioner and his roll in this matter remains to be seen.

(16)  Defendant: Otis Thomas, is an employee of the Commission and acts on its behalf as a U.S. Parole Examiner. He administers the Commissions' rules, policies and regulations as they apply to D.C. code offenders.

(17)  Defendant: P. Denton is the Commission's Executive Reviewer and co-signer to deny the plaintiff parole. He review files for parole hearings, detainers, revocation hearings and other duties.

(18)  Defendant: John Doe #1 works within the parole board as a decision maker to grant or deny parole. He also is a co-signer to deny plaintiff parole.

(19)  Defendant: John Doe #2 works within the parole board as a decision maker to grant or deny parole. He also is a co-signer to deny plaintiff parole.

(20)  Defendant: Tarnisha Jackson is an FOIA Technician for the Commission. She tried to use tactic to discourage plaintiff from obtaining his parole tape hearing. It is suspected that she knew the tape had been tampered with and erased. Her knowledge of the tape remain to be seen.

(21)  Defendant: Anissa N. Hunter is an FOIA Specialist for the Commission. It is contended that she conspired with co-defendant Jackson to cover - up and protect the person or persons who erased, tampered or destroyed the original parole tape.

6

## Double Counting

(22) The D.C. Board of Parole guidelines (now defunct) and the U.S. Parole Commission in clear contravention of a solid wall of circuit authority has for years engaged in impermissible double - counting and enhancement elements. This improper practice is a tool used in determining the Salient Factor Score (SFS-98). Item (A) ask for "Prior Convictions / Adjudications (Adult or Juvenile)", plaintiff was scored with a one (1). Item (B) ask for "Prior Commitment(s) of More Than 30 Days (Adult or Juvenile), again I was scored a one (1). However, both "A and B" ask basically the same question and require the same information. By this trickery the total is without doubt accumulative.

(23) The Base Point Score (BPS) of double - counting works the same way, however, points are added from the Salient Factor Score (SFS) which in this case is "2" points - Item (A). This clever sophisticated system of double - counting is apparent if scrutiny is applied. Category II. - Current or Prior Violence, I was given "4" points. Category III. - Death of Victim or High Level Violence (Type of Violence), "3" points were added totaling "9" points for the Base Point Score. By using both the SFS and BPS it creates the Base Point Score Guideline. Accordingly, the low Base Point Score Guideline Range of 110 months are added to the parole eligibility date of 326 months. And 12 months is then added for disciplinary guidelines purposes with 6 months being subtracted for Superior Programming. Once all this is added up the plaintiff guideline range of 442 months. The high range of the Base Point Score Guideline Range is now 140 months plus the 326 months, adding 26 months under the disciplinary guideline and 6 months subtracted for Superior

7

Programming totaling a high guideline range of 486 months. It appears very obvious that plaintiff would have a very difficult time making parole under this structure. I'd have to do the first "reconsideration of five (5) years", another one of the same nature and then a shorter reconsideration just to meet the low range of the guideline.

(24)    The Commission continues to reject the statutory and legislative of Congress enabling strict parole policies barring the imposition of such arbitrary and capricious actions that fail to provide fair and unbiased parole hearings.

(25)    The Commission is an independent agency of the U.S. Department of Justice functioning as its parent; the parent has publicly denounced rehabilitation as unworkable. The D.C. code insist on rehabilitation as a major element to make parole. The Commission has adopted its parents' belief that rehabilitation doesn't work. My examiner, Mr. Thomas, only recognized the CODE program for Superior Programming.

(26)    I contend that in 1980 the sentence for murder was a mandatory 20 years to life. On September 6, 2006, at my staged parole hearing the sentence for murder in D.C. is 60 years to life. The examiners and all the co-signers denying my parole appear to share the same attitude of punishment opposed to rehabilitation. I was sentenced to a lengthy period of time (20 years to life mandatory and 12 years non-mandatory) with the hope of correcting my behavior, obtaining educational skills and other vocational training that would benefit me as a productive citizen upon my release. Punishment was not the main objective as the Commission seems to think.

8

(27) Plaintiff contends that the Commission relies very heavily on its brother the Bureau of Prisons to provide it with information on everyone that comes before the parole board. The examiner was quick to pounce on the three (3) disciplinaries I had gotten 14 years ago. Recognize only the CODE program (the B.O.P. prized program) for Superior Programming. I strongly believe that if the examiner is to be fair and impartial then he would consider all provide. However, this is not the case. While considering me for my disciplinary he never mentioned the Warden Dan Dove returning 1,484 days for those same disciplinaries or I waited 14 years before requesting the restoration of the good time. Per B.O.P. policy the period is 18 months. Also, I've not had any disciplinaries in 14 years. The same principles should apply both ways.

(28) The Commission used guidelines adopted and promulgated in 2000 to conform the D.C. Guidelines to reflect the Federal Parole Commission standards. The retroactive application of these new harsher guidelines opposed to those in 1980 violates the Constitution's Ex Post Facto and Due Process Clause when I saw the examiner. I request a Federal Declaration Order moving the U.S. Parole Commission to give me a new hearing in accordance with the statutory laws and administrative rules that were in place in 1980.

(29) The Commission's policy of having one examiner make a recommendation and then having a second, third and in my case a fourth violates the due process clause especially since three (3) of the co-signers haven't even met with the plaintiff. What was their decision predicated on? In the case at bar the defendants admit the hearing tape of my parole was "Blank".

9

(30)    The official policy for D.C. code offenders is, "Decision Is Not Appealable," while
        federal prisoners does.  Their decisions can be appealed to the U.S. Attorney's
        Office.  Although D.C. code offenders are directly sentenced to the same U.S.
        Attorney we are discriminated by the Commissions' policy.

(31)    The policy of one (1) examiner to hear the application for parole is
        unconstitutional because of the "Ex Post Facto".  If one vote for parole, the
        examiner against parole, then a third - party is required to settle the
        disagreement although the second and third parities never attended the parole
        hearing.

## Defendants' Errors And Wrong Doings

A.      Violations of 42 U.S.C. Section 1983:

(32)    Plaintiff repeat and reallege paragraphs 1 through 31 above as fully stated.

(33)    Defendants knowingly, intentionally and through deliberate indifference
        conspired to deny this plaintiff his 5th and 14th Amendments to the U.S.
        Constitution.

(34)    The defendants in their individual and official capacities act under Color of
        District of Columbia law and regulations.

(35)    Defendants acting under Color of District of Columbia laws and regulations
        maintained and executed policies, practices and customs that denied me due
        process.

10

(36)  Defendants acting under Color of District of Columbia laws and regulations thumbed their nose at plaintiff's rehabilitative accomplishment statutorily mandate under the D.C. code in violation of my 5th and 14th Amendments and Due Process.

(37)  Defendants acting under Color of District of Columbia laws and regulations did not maintain a position of neutrality.  By not using the D.C. Board of Parole Guidelines and Policies that were in use in 1980 rises the issue of discrimination. Instead of using the proper guidelines the Commission elected to use the revised harsher 2000 guidelines which fostered an excessive entanglement of plaintiff and the Ex Post Facto law that violates Due Process and the 5th and 14th Amendments to the Constitution.

(38)  Defendants actions are not reasonably related to any legitimate penal or custodial purpose other than to ensure the plaintiff continue to serve much more of his sentence which is not required by the 1980 guideline but is by the revised 2000 D.C. code edition.  This is part of the Commissions' unwritten policy and mind-set.

(39)  Defendants acting under Color of District of Columbia laws and regulations discriminated against plaintiff by not providing him a fair and impartial parole hearing guaranteed by the Constitution.

(40)  Defendants iniquitousness is the result of evil motives, intent, callous disregard and indifference to plaintiff's record of clear conduct and pattern of rehabilitative programming in direct violation of the statutory D.C. code of rehabilitation.

11

(41)    As a direct and proximate result of defendants violations and errors, plaintiff
        have suffered injuries which include but not limited to mental depression and
        deprivation of contact with his sister who is now deceased.

B.                    Violation Of 42 U.S.C. Section 2000cc - 1 (R.L.I.P.A.:

(42)    Plaintiff repeats and reallege paragraphs 1 through 43 above as fully stated.

(43)    Plaintiff has been under the illusion for the past 26 years that rehabilitation was
        and is a vital component toward making parole. However, the defendant in their
        official capacities believe in harsh punishment and no rehabilitation.

(44)    Defendants intentionally through deliberate indifference substantially burden the
        plaintiff by using the 2000 revised D.C. Parole Guidelines instead of the "Old
        Law" 1980 D.C. Parole Guidelines that were in place when he was arrested,
        convicted and sentenced under. By doing so they violated the Ex Post Facto
        Clause and my rights under (R.L.I.P.A.).

(45)    Defendants acting under Color of District of Columbia laws and regulations
        knowingly and willfully executed policies, practices and customs that burdened
        plaintiff's parole hearing with erroneous information and miscalculations of the
        months necessary to go up for parole. Their belief is 442 months. However, I
        strongly contend  that "Old Law" require 240 months for the mandatory 20 to life
        sentence and 48 months for the non-mandatory sentence totaling 288 months.
        The examiner cited 318 months served then calculated the Low and High ends
        of the Point Score Guideline which is a direct violation of R.L.I.P.A., Ex Post
        Facto Clause and the Due Process Clause to the U.S. Constitution.

12

(46)    Defendants acting under Color of District of Columbia laws and regulations gave
plaintiff a "stage parole hearing" (speaking through a Black Box on a table).
Disregarding factual information that was favorable to him and not using the
parole guidelines of 1980 in violation of my right to Due Process, R.L.I.P.A. and
the Ex Post Facto of the Constitution.

(47)    Defendants acting under Color of District of Columbia laws and regulations
discriminated and tried to intimidate plaintiff for questioning the proceeding.
Examiner, Mr. Thomas, "If you were a California prisoner you wouldn't be before
this board with the three (3) strikes you have..."  Plaintiff, "I'm not a California
prisoner; I'm a D.C. prisoner so what does California have to do with this
hearing?"  Said exchange is believed to result in my five year "ceremonial
reconsideration" and the promise of at least two more.  Also, strangely the
parole tape is Blank according to defendants. I'm convinced something in the
milk is not clear.  Said conversation and actions violates my rights under
R.L.I.P.A. and the Ex Post Facto.

(48)    Defendants' actions were not taken in furtherance of compelling governmental
interest but rather as a tool to punish plaintiff with the present "ceremonial
reconsideration" and more in the future.  These actions have deprived plaintiff of
a Real parole hearing under R.L.I.P.A., Due Process and the Ex Post Facto
Clause of the Constitution.

(49)    Defendants' actions were not taken in furtherance of any compelling
governmental interest nor were their actions in the least restrictive means of
furthering any compelling governmental interest.

13

(50)    As a direct and proximate result of said violations by defendants, plaintiff
suffered and continue to suffer injuries which include but are not limited to
headaches, depression, anxiety, and mental stress and deprivation of family.
Because of the gross disregard for the laws and regulations which the
defendant twist or circumvent this abolished agency by Congress finds life to live
by constantly violating their own rules, regulations and policies of theirs and the
D.C. "Old Law".

## Violation Of The Ex Post Facto

(51)    Plaintiff states and reallege paragraph 1 through 51 as fully stated.

(52)    Defendants' acts and omissions proving and providing a suitable, fair, unbiased,
and just hearing is in violation of the Ex Post Facto Clause of the U.S.
Constitution.

(53)    Defendants' acts and omissions concerning the use of the Commissions'
revised D.C. Parole Guidelines promulgated in 2000 opposed to the less
restrictive D.C. Guidelines used in 1980 violates the Ex Post Facto Clause of the
U.S. Constitution.

(54)    The plaintiff contend that the examiner was totally indifferent and biased to the
idea of rehabilitation that he constantly states, "That's not what this hearing is
about." Examiner Thomas stated several times that I shot the victim two (2)
times when the victim was shot only once:  (One (1) time).  The use of incorrect
information was an element used to deny parole in violation of the Ex Post Facto
Clause.

14

(55)  The defendants' acts and omissions with respect to his court cases were
inaccurate.  Assault on a police was a charge which plaintiff was already in
custody as the examiner know.  However, this was used against me.  Several
other cases followed and the judiciary has its own protocol which is, plead guilty
in a package plea and all your time is ran together or we'll try you on all these
charges which could take years.  In explaining this the examiner simply said,
"Interesting".

(56)  The defendants' acts and omissions pertaining to the double - counting on its
S.F.S. and B.P.S. violates the Due Process Clause and the Ex Post Facto.

(57)  That as a direct and proximate result of said violations by defendants individually
and collectively have caused plaintiff much pain and suffering.  This suffering
only increased after the death of one of his young sisters.

## "IV.  STATEMENT OF CLAIM CONTINUED"

(58)  The Commission and all named defendants are being sued in their individual and
official capacities under Color of D.C. Laws and Regulations.

(59)  Plaintiff does not have to exhaust an administrative remedy because there is
none to exhaust.  The Commission does not allow any appeals of their decision.
Only the Congressional Judicial Oversight Committee and the Courts have
power over the U.S. Parole Commission.

## V. Relief

WHEREFORE, plaintiff prays for judgment against the defendants individually and collectively as follows:

(A)  Compensatory damages in the amount of Ten Million Dollars ($10,000,000.00).

(B)  Punitive damages in the amount of Five Million Dollars ($5,000,000.00).

(C)  Any further parole hearing conducted under the 1980 "Old Law" guidelines and regulations.

(D)  Injunctive Relief or Court Order against harassment, intimidation and discrimination in any future parole hearing.

(E)  For reasonable expenses incurred in this suit, attorney's fees and cost.

(G)  Any other relief this Court deems and determined just and proper.


Respectfully Submitted,

/s/ _Samuel L. Byrd_
Samuel L. Byrd


Pursuant to Title 18 U.S.C. Section 1746, I Samuel L. Byrd declare under penalty the foregoing is true and correct. Signed this ___18th___ day of _January_ 2007.

/s/ _Samuel L. Byrd_
Samuel L. Byrd
USP - Big Sandy
P.O. Box 2068
Inez, KY  41224

## CERTIFICATE OF SERVICE

I, Samuel L. Byrd _____, hereby certify that I

have served a true and correct copy of the foregone petition on:

[A] The attorney for the Defendants at : U.S. Attorneys Office

Judiciary Center

555 4th. Street, N.W.

Washington, D.C.
                                                              ;

[B] And I have mailed the original and _8_ copies to the Office

of the Clerk of the Court at: U.S. District Court For The

District of Columbia, U.S. Courthouse, Third &

Constitution Ave., N.W.

Washington, D.C. 20001
                                                              ;

Which is deemed filed at the time it is delivered to prison mail

authorities , or placed in the facility legal U.S. Mail box: See:

HOUSTON V LACK, 101 L. Ed 2d 245 (1988); Said sealed postage and

prepaid envelope as above addressed was deposited this /8 day of

January _____, 200 7. ..Affirmed pursuant to 28 U.S.C.§1746..

under the penalty of purjury.

                                        /S/ Samuel L. Byrd

                                        Samuel L. Byrd #02016-016
                                        USP-Big Sandy
                                        P.O. Box 2068
                                        Inez, Kentucky 41224

CC Files copy

Samuel L. Byrd, Jr.
Reg. No: 02016-016
DCDC No: 169-421
USP Big Sandy
P.O. Box 2068
Inez, KY  41224

October 8, 2006

Disclosure Specialist
United States Parole Commission
5550 Friendship Blvd.
Chevy Chase, MD  20815-7201

RE:  Freedom of Information Act Request

Disclosure Specialist:

On September 27, 2006, I received a copy of my "Notice of
Action" from my case manager Mrs. Melissa Parr.  This is a document
of my parole hearing held on September 6, 2006, via video conference
at USP Big Sandy conducted by Examiner Thomas.

I am respectfully requesting a copy of the Parole Examiner's
"summary" and the "addendum to hearing summary" to my case.  Also,
any and all information that was utilized to deny parole.  I am
requesting this information pursuant to the Freedom of Information
Act and the United States Parole Commission Rules and Procedures
Manual:

§2.72(g):  A full and complete recording of every parole
hearing shall be retained by the Commission.  Upon request pursuant
to §2.56, the Commission shall make available to any eligible
prisoner such record as the Commission has retained of the hearing.

§2.56(A):  Copies of disclosable records pertaining to a
prisoner or parolee which are contained in the subject's Parole
Commission file may be obtained by that prisoner or parolee upon
written request pursuant to this section.

§2.56(b):  Requests that are only for a copy of the tape
recording of a hearing will be processed ahead of requests seeking
multiple documents from the Parole Commission file (priority
processing).  For example, a request for a tape recording and the
Examiner's summary qualifies for priority processing.

07 0332
**FILED**

FEB - 9 2007

Letter to Disclosure Specialist
Page Two


    Pursuant to the FOIA/Privacy Act, Title 28 of the Code of
Federal Regulations (CFR), and the above cited sections of the
United States Parole Commission's Rules and Procedures Manual,
I am requesting **"priority processing"**.


                         Respectfully Yours,


                         /s/ _Samuel D. Byrd_
                         Samuel L. Byrd #02016-016

**U.S. DEPARTMENT OF JUSTICE**
United States Parole Commission

5550 Friendship Boulevard
Chevy Chase, Maryland 20815-7201
Telephone: (301) 492-5821
Facsimile: (301) 492-5525

October 18, 2006

Mr. Samuel L. Byrd
Reg. No. 02016-016
USP Big Sandy
P.O. Box 2068
Inez, KY 41224

Dear Mr. Byrd:

This office acknowledges the receipt of your letter dated October 8, 2006, which was received on October 16, 2006, requesting copies of records from the U.S. Parole Commission.

This office has a backlog of unfilled requests and limited personnel resources with which to process a large volume of FOIA requests. The National Capital Revitalization Act of 1997 has more than doubled the Commission's caseload as of August 5, 2000. However, Congress has continued the Commission's status as an abolished agency, and has not given the Commission the funding it expected to implement the Act in all respects. Moreover, since August 5, 2000, the Commission's FOIA caseload has significantly increased because of the unprecedented use of the FOIA, in District of Columbia Code cases, as a substitute for prehearing discovery at parole and parole revocation hearings, which is not required by the applicable parole laws and rules of the District of Columbia. The Commission has not previously experienced such an unusual volume of FOIA requests in its federal cases.

For the above reasons, the agency is now operating under exceptional circumstances as defined in 5 U.S.C. 552(a)(6)(C), and will exercise due diligence in responding to your request. Disclosure requests are processed in turn as soon as reasonably possible. We may be unable, however, to process your request within the statutory time requirement.

In accordance with applicable fee schedules, you will be required to reimburse the United States if billable search and reproduction costs exceed $14.00. The Commission will inform you if reimbursement is required and will determine any fee waiver request at that time. In the absence of a fee waiver, you must make payment before the copies of the records you requested will be sent to you.

Any material submitted by you or your representative to the Parole Commission will not be reproduced with our response, unless you specifically request the same. Additionally, your file may contain documents that originated with the Bureau of Prisons. We do not interpret your request to include these documents as you may already have obtained them from the Bureau. If you wish to have the Bureau of Prisons documents in your parole file processed, please advise the undersigned. The Commission will then refer these documents to the Bureau of Prisons for processing and a direct response to you.

We regret any delay but assure you that your request will be processed as soon as possible. You may wish to modify the scope of your request to limit your request to only a few documents which may result in priority processing. See 28 C.F.R. 2.56(a)(1).

Sincerely,

Tarnisha Jackson
FOIA Technician

TNJ

FEDERAL BUREAU OF PRISONS
U.S.P.BIG SANDY

SAMUEL L. BYRD,Jr.
FED.NO.# 02016-016
DCDC NO. # 169-421
U.S.P.BIG SANDY
INEZ, KY 41224

MS. TARNISHA JACKSON
FOIA TECHNICIAN
UNITED STATES PAROLE COMMISSION
5550 FRINEDSHIP BLVD.,
CHEVY CHASE,MD  20815-7201

NOVEMBER 9,2006

RE: FOIA REQUEST


Dear Ms. Jackson:

        I would like to acknowedge receipt of your letter
dated October 18,2006, which was received on October 23,2006. Due
to a " prison locked-down " as of October 24,2006; I am now able
to respond to your letter.

    Ms. Jackson, I truly do " sympathize with the case load of
requests your office has received, and certainly do feel the catch
22 as to you," however, I do not wish to sound fastidious, but I'm
well aware of the ' National Capital Revitalization Act of 1997, and
the Congress intent to "abolish" your agency/ parole commission
which your agency/ parole commission seem to circumvent.'

    I do not wish to be repetitive, but under the circumstances I've
enclosed a " copy of my previous  letter/ request," and now ask
you to scrutinize §§ 2.72(g), 2.56(A), and especially 2.56(b)."

I do not see my FOIA request not being qualified as priority processing. Thus, I thank you in advance for your immediate attention of " priority processing," and please have a nice day !

Sincerely,

/S/ Samuel L. Byrd, Jr.
SAMUEL L. BYRD,Jr.

2



**U.S. DEPARTMENT OF JUSTICE**
**United States Parole Commission**

*5550 Friendship Boulevard*
*Chevy Chase, Maryland 20815-7201*
*Telephone: (301)492-5821*
*Facsimile: (301)492-5525*

December 6, 2006

Mr. Samuel L. Byrd
Reg. No. 02016-016
USP Big Sandy
P.O. Box 2068
Inez, KY 41224

**Re:  Your Disclosure Request**

Dear Mr. Byrd:

This is in response to your request of October 8, 2006 received on October 16, 2006 for copies of documents from your parole file. The terms of your request cover:

Copies of all documents contained in the U.S. Parole Commission's file.

The Commission is disclosing all of the documents you requested which are in your active file as of the date of this response, <u>except</u> those documents or portions of documents listed below.

Because of safety and security reasons, Bureau of Prisons policy prohibits inmates from obtaining or possessing copies of pre-sentence reports or any document that states reasons for a sentencing decision. Therefore, this disclosure does not include such documents. You may obtain access to these documents through your institutional unit staff.

Because the Parole Commission is exempt from the access provisions of the Privacy Act, this disclosure is made under the Freedom of Information Act (FOIA).

Under the FOIA, a document or portion thereof, may be withheld if protected by any of the FOIA exemptions. These exemptions can be found at 5 U.S.C. Section 552(b)(1)-(9).

The following documents have been withheld on the basis of the FOIA exemptions cited below:

1. Washington, D.C. Police Reported dated March 5, 1980
(b)(6)-Clearly unwarranted invasion of personal privacy of others
(b)(7)(C)-unwarranted invasion of personal privacy of others

There are documents in your file that are duplicates of documents that originated with the Bureau of Prisons (BOP). These documents are available through your case manager. We have not interpreted your request to include these documents as you may already have obtained them from the BOP. Please advise the undersigned if you wish the Parole Commission to process these

documents. Under departmental regulations, the Commission will then refer these documents to the BOP for processing and a direct response to you.

There are documents in your file that are duplicates of documents that originated with the D.C. Department of Corrections. These documents should be available to you through your case manager.

**Any documents submitted by you or your representative are not enclosed, but will be sent if you so request.**

Unfortunately, the original copy of your tape recorded hearing is blank and we are unable to provide a copy to you.

If you are dissatisfied with my action on this request, you have thirty (30) days from the receipt of this letter to appeal this decision to the Chairman of the U.S. Parole Commission. An appeal to the Chairman must be made in writing and addressed to the Office of the Chairman, U.S. Parole Commission, 5550 Friendship Boulevard, Suite 420, Chevy Chase, MD 20815.

Sincerely,

Anissa N. Hunter
FOIA Specialist

Enclosures - 171 pages

ANH

Samuel L. Byrd
Reg. No. 02016-016
USP Big Sandy
P.O. Box 2068
Inez, Ky 41224

December 18, 2006

Chairman
U.S. Parole Commission
5550 Friendship Blvd. - Suite 420
Chevy Chase, Maryland 20815-7201

Re: FOIA Request & 12/06/06 Release

Dear Mr. Chairman:

This is an appeal under the Freedom of Information Act pertaining to my parole hearing tape of September 6, 2006, By letter dated December 6, 2006, Anissa N. Hunter, FOIA Specialist sent me a package of documents containing 171 pages "which" I did not request are irrelevant to me. This appeal is based upon the with-holding of my parole hearing tape being denied me under the guise and subterfuge of exemptions (B) (6); (B) (7) (C) of the FOIA. I appeal this withholding and use of exemptions as arbitrary and capricous.

The burden is on the agency to prove the material (parole tape) withheld falls within the parameters of the exemptions claimed. The commission has not met that burden.

I have been informed that my parole hearing tape of September 6, 2006, are blank. If the tapes are blank how did the full parole board make a decision to give me a five (5) year reconsideration date with a blank tape(s)? If, and I speak in hindsight, the tape(s) are blank then I had no parole hearing at all or your agency is circumventing the parole laws and your own policies. Nevertheless, I'm sure that you will investigate this matter concerning the tape(s) being blank. I do look forward to your reply Mr. Commissioner.

Sincerely,

Samuel Byrd

F
07-332
RMC

JS-44
(Rev.1/05 DC)

## CIVIL COVER SHEET

| **I (a) PLAINTIFFS** | **DEFENDANTS** |
|---|---|
| Samuel L. Byrd, Jr | U.S. Parole Commission, et al, |

**(b) COUNTY OF RESIDENCE OF FIRST LISTED PLAINTIFF** 88888
**(EXCEPT IN U.S. PLAINTIFF CASES)**

PRO SE PO

COUNTY OF RESIDENCE OF FIRST LISTED DEFENDANT _____
**(IN U.S. PLAINTIFF CASES ONLY)**
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE
TR... INVOLVED

**(c) ATTORNEYS (FIRM NAME, ADDRESS, AND TELEPHONE NUMBER)**
# 02016-016

```
CASE NUMBER   1:07CV00332
JUDGE: Rosemary M. Collyer
DECK TYPE: Pro se General Civil
DATE STAMP: 02/9/2007
```

---

## II. BASIS OF JURISDICTION
**(PLACE AN x IN ONE BOX ONLY)**

- ☐ 1 U.S. Government Plaintiff
- ☐ 3 Federal Question (U.S. Government Not a Party)
- ☒ 2 U.S. Government Defendant
- ☐ 4 Diversity (Indicate Citizenship of Parties in item III)

## III CITIZENS... FOR PLAINTIFF

|  | PTF | DFT |  | r |
|---|---|---|---|---|
| Citizen of this State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business in This State | ☐ 4 ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business in Another State | ☐ 5 ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 ☐ 6 |

---

## IV. CASE ASSIGNMENT AND NATURE OF SUIT
**(Place a X in one category, A-N, that best represents your cause of action and one in a corresponding Nature of Suit)**

| ☐ A. *Antitrust* | ☐ B. *Personal Injury/ Malpractice* | ☐ C. *Administrative Agency Review* | ☐ D. *Temporary Restraining Order/Preliminary Injunction* |
|---|---|---|---|
| ☐ 410 Antitrust | ☐ 310 Airplane<br>☐ 315 Airplane Product Liability<br>☐ 320 Assault, Libel & Slander<br>☐ 330 Federal Employers Liability<br>☐ 340 Marine<br>☐ 345 Marine Product Liability<br>☐ 350 Motor Vehicle<br>☐ 355 Motor Vehicle Product Liability<br>☐ 360 Other Personal Injury<br>☐ 362 Medical Malpractice<br>☐ 365 Product Liability<br>☐ 368 Asbestos Product Liability | ☐ 151 Medicare Act<br><br>**Social Security:**<br>☐ 861 HIA ((1395ff)<br>☐ 862 Black Lung (923)<br>☐ 863 DIWC/DIWW (405(g)<br>☐ 864 SSID Title XVI<br>☐ 865 RSI (405(g)<br><br>**Other Statutes**<br>☐ 891 Agricultural Acts<br>☐ 892 Economic Stabilization Act<br>☐ 893 Environmental Matters<br>☐ 894 Energy Allocation Act<br>☐ 890 Other Statutory Actions (If Administrative Agency is Involved) | Any nature of suit from any category may be selected for this category of case assignment.<br><br>*(If Antitrust, then A governs)* |

---

## ☐ E. *General Civil (Other)* OR ☒ F. *Pro Se General Civil*

**Real Property**
- ☐ 210 Land Condemnation
- ☐ 220 Foreclosure
- ☐ 230 Rent, Lease & Ejectment
- ☐ 240 Torts to Land
- ☐ 245 Tort Product Liability
- ☐ 290 All Other Real Property

**Personal Property**
- ☐ 370 Other Fraud
- ☐ 371 Truth in Lending
- ☐ 380 Other Personal Property Damage
- ☐ 385 Property Damage Product Liability

**Bankruptcy**
- ☐ 422 Appeal 28 USC 158
- ☐ 423 Withdrawal 28 USC 157

**Prisoner Petitions**
- ☐ 535 Death Penalty
- ☐ 540 Mandamus & Other
- ☒ 550 Civil Rights
- ☐ 555 Prison Condition

**Property Rights**
- ☐ 820 Copyrights
- ☐ 830 Patent
- ☐ 840 Trademark

**Federal Tax Suits**
- ☐ 870 Taxes (US plaintiff or defendant)
- ☐ 871 IRS-Third Party 26 USC 7609

**Forfeiture/Penalty**
- ☐ 610 Agriculture
- ☐ 620 Other Food &Drug
- ☐ 625 Drug Related Seizure of Property 21 USC 881
- ☐ 630 Liquor Laws
- ☐ 640 RR & Truck
- ☐ 650 Airline Regs
- ☐ 660 Occupational Safety/Health
- ☐ 690 Other

**Other Statutes**
- ☐ 400 State Reapportionment
- ☐ 430 Banks & Banking
- ☐ 450 Commerce/ICC Rates/etc.
- ☐ 460 Deportation

- ☐ 470 Racketeer Influenced & Corrupt Organizations
- ☐ 480 Consumer Credit
- ☐ 490 Cable/Satellite TV
- ☐ 810 Selective Service
- ☐ 850 Securities/Commodities/ Exchange
- ☐ 875 Customer Challenge 12 USC 3410
- ☐ 900 Appeal of fee determination under equal access to Justice
- ☐ 950 Constitutionality of State Statutes
- ☐ 890 Other Statutory Actions (if not administrative agency review or Privacy Act

| ☐ G. *Habeas Corpus/* *2255*<br>☐ 530 Habeas Corpus-General<br>☐ 510 Motion/Vacate Sentence | ☐ H. *Employment Discrimination*<br>☐ 442 Civil Rights-Employment (criteria: race, gender/sex, national origin, discrimination, disability age, religion, retaliation)<br><br>*(If pro se, select this deck)* | ☐ I. *FOIA/PRIVACY ACT*<br>☐ 895 Freedom of Information Act<br>☐ 890 Other Statutory Actions (if Privacy Act)<br><br>*(If pro se, select this deck)* | ☐ J. *Student Loan*<br>☐ 152 Recovery of Defaulted Student Loans (excluding veterans) |
|---|---|---|---|
| ☐ K. *Labor/ERISA (non-employment)*<br>☐ 710 Fair Labor Standards Act<br>☐ 720 Labor/Mgmt. Relations<br>☐ 730 Labor/Mgmt. Reporting & Disclosure Act<br>☐ 740 Labor Railway Act<br>☐ 790 Other Labor Litigation<br>☐ 791 Empl. Ret. Inc. Security Act | ☐ L. *Other Civil Rights (non-employment)*<br>☐ 441 Voting (if not Voting Rights Act)<br>☐ 443 Housing/Accommodations<br>☐ 444 Welfare<br>☐ 440 Other Civil Rights<br>☐ 445 American w/Disabilities-Employment<br>☐ 446 Americans w/Disabilities-Other | ☐ M. *Contract*<br>☐ 110 Insurance<br>☐ 120 Marine<br>☐ 130 Miller Act<br>☐ 140 Negotiable Instrument<br>☐ 150 Recovery of Overpayment & Enforcement of Judgment<br>☐ 153 Recovery of Overpayment of Veteran's Benefits<br>☐ 160 Stockholder's Suits<br>☐ 190 Other Contracts<br>☐ 195 Contract Product Liability<br>☐ 196 Franchise | ☐ N. *Three-Judge Court*<br>☐ 441 Civil Rights-Voting (if Voting Rights Act) |

**ⓧ ORIGIN**

☒ 1 Original Proceeding   ☐ 2 Removed from State Court   ☐ 3 Remanded from Appellate Court   ☐ 4 Reinstated or Reopened   ☐ 5 Transferred from another district (specify)   ☐ Multi district Litigation   ☐ 7Appeal to District Judge from Mag. Judge

**VI. CAUSE OF ACTION** (CITE THE U.S. CIVIL STATUTE UNDER WHICH YOU ARE FILING AND WRITE A BRIEF STATEMENT OF CAUSE.)

42 USC 1983

**VII. REQUESTED IN COMPLAINT**   CHECK IF THIS IS A CLASS   ☐   ACTION UNDER F.R.C.P. 23   DEMAND $ 10 million   Check YES only if demanded in complaint   JURY DEMAND: ☐ YES   ☒ NO

**VIII. RELATED CASE(S) IF ANY**   (See instruction)   ☐ YES   ☒ NO   If yes, please complete related case form.

DATE 2.9.07   SIGNATURE OF ATTORNEY OF RECORD   NCD

---

**INSTRUCTIONS FOR COMPLETING CIVIL COVER SHEET JS-44**
Authority for Civil Cover Sheet

The JS-44 civil cover sheet and the information contained herein neither replaces nor supplements the filings and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. Consequently a civil cover sheet is submitted to the Clerk of Court for each civil complaint filed. Listed below are tips for completing the civil cover sheet. These tips coincide with the Roman Numerals on the Cover Sheet.

I.   COUNTY OF RESIDENCE OF FIRST LISTED PLAINTIFF/DEFENDANT (b) County of residence: Use 11001 to indicate plaintiff is resident of Washington, D.C.; 88888 if plaintiff is resident of the United States but not of Washington, D.C., and 99999 if plaintiff is outside the United States.

III.   CITIZENSHIP OF PRINCIPAL PARTIES: This section is completed only if diversity of citizenship was selected as the Basis of Jurisdiction under Section II.

IV.   CASE ASSIGNMENT AND NATURE OF SUIT: The assignment of a judge to your case will depend on the category you select that best represents the primary cause of action found in your complaint. You may select only one category. You must also select one corresponding nature of suit found under the category of case.

VI.   CAUSE OF ACTION: Cite the US Civil Statute under which you are filing and write a brief statement of the primary cause.

VIII.   RELATED CASES, IF ANY: If you indicated that there is a related case, you must complete a related case form, which may be obtained from the Clerk's Office.

Because of the need for accurate and complete information, you should ensure the accuracy of the information provided prior to signing the form.


forms\js-44.wpd