## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

_____
)
SAMUEL L. BYRD,                          )
                                         )
        Plaintiff                        )
                                         )
                                         )  Civil Action No. 07-0322 (RMC)
        v.                               )
                                         )
UNITED STATES PAROLE COMMISSION          )
        et al.                           )
                                         )
        Defendants.                      )
_____)

## DEFENDANTS' MOTION TO DISMISS, OR IN THE ALTERNATIVE, FOR SUMMARY JUDGMENT

Defendants, United States Parole Commission ("Parole Commission" or "Commission"), Edward F. Reilly, Cranston Mitchell, Patricia K. Cushwa, Deborah Spagnoli, Isaac Fulwood, Jr., Otis Thomas, P. Denton, John Does #1 and #2 – members of the Parole Commission, Tarnisha Jackson, Anissa N. Hunter, in their official capacities only,[1] hereby respectfully move, pursuant to Fed. R. Civ. P. 12(b)(1), (3), and (6), for dismissal of this action for lack of subject matter jurisdiction, improper venue, and failure to state a claim upon which relief may be granted.

In support of this motion, the Court is respectfully referred to the accompanying memorandum of points and authorities and to the entire record in this case. A proposed order consistent with the relief sought herein is attached.

_____

[1] In his amended complaint, Plaintiff has abandoned his *Bivens* claims. He does not name any federal defendants in their individual capacities, nor is he seeking any monetary damages. Plaintiff appears to seek only injunctive relief relating to the United States Parole Commission and its administration of its parole program. Thus because Defendants can carry out any Court order only in their official capacities, his claims are against defendants in their official capacities only. See, e.g., Brancaccio v. Reno, 964 F.Supp. 1, 2 n.4 (D.D.C. 1997), aff'd 1997 WL 634544 (D.C. Cir. 1997).

*Pro se* plaintiff is hereby advised that failure to respond to a dispositive motion may result in the district court granting the motion and dismissing the case. See Fox v. Strickland, 837 F.3d 507, 509 (D.C. Cir. 1988).

Respectfully submitted,

\_\_\_\_\_/s/_____
JEFFREY A. TAYLOR, D.C. BAR # 498610
United States Attorney

\_\_\_\_\_/s/_____
RUDOLPH CONTRERAS, D.C. BAR # 434122
Assistant United States Attorney

\_\_\_\_\_/s/_____
QUAN K. LUONG
Special Assistant United States Attorney
555 Fourth Street, N.W., Room E-4417
Washington, D.C. 20530
(202) 514-9150 (telephone)
(202) 514-8780 (facsimile)

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

_____
                                              )
SAMUEL L. BYRD,                               )
                                              )
        Plaintiff                             )
                                              )
                                              )  Civil Action No. 76-0322 (RMC)
            v.                                )
                                              )
UNITED STATES PAROLE COMMISSION               )
        et al.                                )
                                              )
        Defendants.                           )
_____)

### MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF DEFENDANTS' MOTION TO DISMISS PLAINTIFF'S COMPLAINT, OR IN THE ALTERNATIVE, FOR SUMMARY JUDGMENT

Defendants hereby submit this memorandum of points and authorities in support of their motion to dismiss.  Specifically, Defendants move to dismiss this complaint pursuant to Fed. R. Civ. P. 12(b)(1), (3), and (6).  For the reasons set forth below, the Defendants respectfully request that the Court dismiss this matter in its entirety.

### BACKGROUND

*Pro se* plaintiff, Samuel L. Byrd, is a federal inmate who, at all times relevant to this complaint, was in the custody of the Federal Bureau of Prisons ("BOP") incarcerated at the Big Sandy United States Penitentiary in Inez, Kentucky.  Compl. at 2.  Plaintiff is currently serving a sentence of thirty-two years to life for various offenses, including but not limited to first degree murder, felony murder, kidnaping, armed robbery, assault, and grand larceny.  Compl. at 14.

Plaintiff brings this complaint pursuant to 42 U.S.C. § 1983, alleging violations of the Ex Post Facto Clause and the Fifth and Fourteenth Amendments of the United States Constitution

when the Parole Commission denied him parole on or about September 22, 2006.  Compl. at 16.

According to the Plaintiff, Parole Commission Hearing Examiner Otis Thomas, who presided

over his September 6, 2006 parole hearing, used "inaccurate information and charges" in denying

him parole and also acted  impartially and unprofessionally during his hearing.  Compl. at 15, ¶¶

61-62 and 16, ¶ 66; see also Compl. at 19-21,  ¶¶ 81-88.  Plaintiff also alleges that the Parole

Commission erroneously applied the 2000 parole guidelines to his case, rather than the 1987

D.C. Parole Guidelines.  Compl. at 17,  ¶¶ 69-73.  Plaintiff seeks injunctive relief ordering the

Parole Commission to utilize the D.C. Parole Board's 1987 guidelines and 1991 Policy

Guidelines in assessing his eligibility for parole.  Compl. at 21.

## ARGUMENT

### A.     Sovereign Immunity Bars Section 1983 Claims Against the Parole Commission

The Parole Commission may not be sued under 42 U.S.C. § 1983.  "It is axiomatic that

the United States may not be sued without its consent and that the existence of consent is a

prerequisite for jurisdiction."  United States v. Mitchell, 463 U.S. 206, 212 (1983).  A waiver of

the United States' sovereign immunity must be unequivocal, and cannot be implied.  See Lane v.

Pena, 518 U.S. 187, 192 (1996).  Congressional consent to suit in this Court, a waiver of the

government's traditional immunity, must be explicit and strictly construed.  Library of Congress

v. Shaw, 478 U.S. 310, 318 (1986).  Absent clear congressional consent to entertain a claim

against the United States, the District Court lacks authority to grant relief.  United States v.

Testan, 424 U.S. 392, 399 (1976).  "Absent a waiver, sovereign immunity shields the Federal

Government and its agencies from suit."  FDIC v. Meyer, 510 U.S. 471, 475 (1994).  "Sovereign

2

immunity is jurisdictional in nature." Meyer, supra, 510 U.S. at 475. This Circuit has explicitly

held that no clear waiver exists that would make the Parole Commission subject to liability under

§ 1983. Settles v. United States Parole Commission, 429 F.3d 1098, 1105 (D.C. Cir. 2005).[2]

Thus, Plaintiff's § 1983 claim must be dismissed as to the Parole Commission.

### B.    Venue Is Improper

28 U.S.C. § 1391(e), which covers the venue provision for lawsuits against employees of

the United States acting in their official capacities or any agency of the United States, provides

that venue is proper in one of these three districts: (1) where a defendant in the action resides, (2)

where a substantial part of the events or omissions giving rise to the claim occurred, or a

substantial part of property that is the subject of the action is situated, or (3) where the plaintiff

resides if no real property is involved in the action.[3] See fn 1. In this case, Plaintiff sets forth no

allegations to establish that venue can be maintained in this judicial district. Plaintiff does not

allege, let alone establish, that any Defendants in this action reside in the District of Columbia.

---

[2] It should be noted that 42 U.S.C. § 1983 is typically inapplicable to the federal government and its employees. This is the case because the statute permits suit only against a "person" acting "under color" of state law. See Settles, 429 F.3d at 1103-1104. Courts have held that a federal agency is not a "person" subject to § 1983 liability. See Hinds v. FDIC, 137 F.3d 148, 158 (3rd Cir. 1998); Hoffman v. U.S. Dep't of Housing and Urban Dev., 519 F.2d 1160, 1165 (5th Cir. 1975). See also Al Fayed v. CIA, 229 F.3d 272, 274 (D.C. Cir. 2000) (Supreme Court has repeatedly held that "person" "does not include a sovereign government absent affirmative evidence of such an enclosure intent"); Settles, 429 F.3d at 1107 (although finding that Commission had waived argument that it was not a "person," noting that weight of authority indicated that it was not). However, this Circuit has held that Parole Commission members are amenable to suit for ***injunctive relief*** in their official capacities under § 1983 for actions taken pursuant to the Revitalization Act. Fletcher v. District of Columbia, 370 F.3d 1223, 1227 (D.C. Cir. 2004), reversed in part on other grounds, 391 F.3d 250 (D.C. Cir. 2004) (emphasis added).

[3] Plaintiff erroneously states that venue is appropriate pursuant to 28 U.S.C. § 1391(b). Pl. Compl. at 2. As discussed in fn 1, Plaintiff is suing Defendants only in their official capacities.

Moreover, Plaintiff received his challenged parole hearing at his place of incarceration in the Eastern District of Kentucky and all decision-making regarding Plaintiff's parole occurred at the Parole Commission office in the District of Maryland. Thus, this compliant must also be dismissed for improper venue.

### C.    Plaintiff Fails to State a Claim Upon Which Relief Can be Granted

In order to prevail on an ex post facto claim, a parolee is required to demonstrate that a sufficient risk of increased punishment is either inherent in the regulation or by its actual implementation. Fletcher v. District of Columbia, et al., 481 F.Supp.2d 156 (D.D.C. 2007) citing Dyer v. Bowlen, 465 F.3d 280, 288-89 (6th Cr. 2006). Furthermore, the parolee "must demonstrate, by evidence drawn from the rule's practical implementation by the agency charged with exercising discretion, that its retroactive application will result in a longer period of incarceration than under the earlier rule." Id. quoting Garner v. v. Jones, 529 U.S. 244, 255 (2000). Plaintiff cannot meet this standard and his claim should therefore be dismissed.

By way of background, this complaint arises in the context of the transfer of paroling authority from the D.C. Board of Parole (abolished August 5, 2000) to the United States Parole Commission under the 1997 National Capital Revitalization and Self-Government Improvement Act of 1997 ("Revitalization Act"), Pub.L. 105-33, 111 Stat. 712; see Franklin v. District of Columbia, 163 F.3d 625, 632 (D.C. Cir. 1998). The Revitalization Act required the Parole Commission to exercise its authority "pursuant to the parole laws and regulations of the District of Columbia," but also gave the Parole Commission "... exclusive authority to amend or supplement any regulation interpreting or implementing the parole laws of the District of Columbia with respect to felons..." See D.C. Code § 24-1231(a)(1) and (c)(1999), recodified as

D.C. Code § 24-131(a)(1) and (c) (2001).

Pursuant to its "amend and supplement" authority, the Parole Commission, effective August 5, 1998, adopted a revised version of the D.C. parole regulations that had been in effect since 1987. <u>See</u> 28 C.F.R. § 2.70 (1999) (the Commission's statement of authority for its revisions to the now-superseded rules of the D.C. Board of Parole at 28 D.C.M.R. §100 <u>et seq</u>.). The existing parole guidelines of the D.C. Board of Parole were adopted by the Parole Commission with revisions which: (1) added additional risk factors to the "total point score" by which the suitability of each prisoner for parole was calculated, and (2) substituted, in place of the D.C. Board of Parole's annual rehearing guideline, variable rehearing guideline ranges according to the Base Point Score (risk level) that is calculated for each prisoner (<u>e.g.</u> as in a rehearing range of 12-18 months).

The guidelines of the D.C. Board of Parole, which were in effect from 1987 to 1998, are described in detail in <u>Ellis v. District of Columbia</u>, 84 F.3d 1413, 1415-17 (D.C. Cir. 1996). In brief, these guidelines required the calculation of a "Total Point Score" based on the prisoner's Salient Factor Score and additional risk points. The prisoner's Total Point Score indicated the risk level presented by each prisoner. If the Total Point Score was two or less at the initial hearing, the prisoner would ordinarily be granted parole. If the Total Point Score was three or more at the initial hearing, the prisoner would ordinarily be denied parole and the prisoner would be continued for a rehearing. At rehearings, a score of three would indicate that parole should ordinarily be granted. Similarly, under the Parole Commission's 1998 rules,[4] a score of two

---

[4] Because the 1998 rule was adopted after July 1, 1998, it does not appear in the 1998 volume of 28 C.F.R. Similarly, the 2000 amendments do not appear until the 2001 volume of the C.F.R. In 2001, the older version of the rule was moved to an appendix to §2.80. Citations, for

points or less at an initial hearing, or three points or less at a rehearing, would ordinarily result in a release on parole.  28 C.F.R. Appendix §2.80(j) (2001).

Because points were subtracted from the Total Point Score at rehearings for positive prison programming, a well-behaved  prisoner with a high Total Point Score could work his score down to a three after one or more rehearings.  In the case where parole was denied, the ordinary continuance to a rehearing would be one year.

However, the D.C. Parole Board had plenary discretion to override the guidelines and deny parole notwithstanding a favorable Total Point Score, and to order a rehearing ("set off") after a much longer time than the ordinary one-year requirement.  Successive rehearings were no guarantee that parole would be granted. As explained in Ellis v. District of Columbia, 84 F.3d at 1419, "... under the regulations, a prisoner with a low total point score shall be granted parole unless the Board, in the exercise of its discretion, believes there is some other reason for not granting him parole."

As stated above, in the Parole Commission's 1998 revisions to this guideline system, the Commission added to the Total Point Score some additional points that reflected the degree of violence in the prisoner's current offense and the number of violent crimes on the prisoner's prior record (i.e. the more violence, the higher the score).  The Commission also replaced the annual rehearing guideline with specific guideline ranges to be followed in the case of parole denial.  However, the Commission maintained the D.C. Parole Board's basic guideline for grants and denials of parole, as well as the essential character of the Board's guidelines as a risk-based

_____

simplicity's sake, will therefore be to "28 C.F.R. §2.80 (2001)" (the 2000 version of the rule) and "28 C.F.R. Appendix §2.80 (2001)" (the 1998 version of the rule, moved into the Appendix by the 2000 amendment).

measure of suitability for parole that applies as soon as a prisoner becomes eligible for parole.

The Parole Commission's revised version of the guidelines described in Ellis v. District of Columbia, supra, effective August 5, 1998, was again revised by the Commission effective December 4, 2000.  See 28 C.F.R. § 2.80(2001), originally published at 65 Federal Register 70663 (November 27, 2000).  The 2000 revision maintained the paroling policies expressed in the 1998 guidelines, but converted the rehearing ranges applicable to each prisoner into a Total Guideline Range to guide the Parole Commission's decisions. The Total Guideline Range is based on the point score calculations contained in the 1998 guidelines, plus the number of rehearings a prisoner would normally expect (after completing his minimum term) if he maintained good behavior.  The Commission explicitly stated in promulgating the rule that:

> The revised guidelines convert the rehearing ranges into a single range indicating the total prison time that may be served by the inmate, and authorize the setting of presumptive release dates up to 36 months from the date of the parole hearing.  ***However, the Point Assignment Table [contained in the prior rules] remains the basis upon which the guidelines are determined***. . . . [T]he revised rule contains a presumptive credit for "ordinary program achievement," which currently [i.e., under the prior rule] must be determined on a case-by-case basis, in the guideline range itself.  Hence, inmates will now receive the benefit of having their "ordinary program achievement" points credited in advance.
> * * *
> The [rule] eliminates . . . the system of determining at each hearing (based on the Total Point Score) whether the inmate qualifies for parole at that time.  It substitutes the following decisionmaking procedure.
>
> Under Step 1, a Base Guideline Range is determined from the Base Point Score.  There is no change from the Base Point Score used in [the previous rule].  ***The time expected for the inmate to qualify for parole (assuming no disciplinary infractions and ordinary program achievement) is simply made explicit.***

65 Fed. Reg. at 70663 (emphasis added).

In the instant case, Plaintiff first claims that the Parole Commission improperly delayed

his initial parole hearing by thirty months.  Compl. at ¶¶ 61, 63, 64, 77, 78.  Plaintiff bases this

argument on the premise that his sentence was twenty years to life, however, the official sentence

computation shows that twenty years was merely the mandatory minimum, but that the court

imposed a minimum sentence of thirty years, six months.  *Exhibit 1.*  Plaintiff was not eligible to

be considered for parole release until he had completed service of his thirty years, six months

minimum term.  D.C. Code §24-404 ("Whenever it shall appear to the Board of Parole that...[the

prisoner] has served the minimum sentence imposed ... the Board may authorize his release on

parole ... .").  Plaintiff's assertion that the sentencing court imposed a minimum of only twenty

years is simply not borne out by the record and thus, he was not entitled to an earlier parole

hearing.  *Exhibit 1.*

Plaintiff also claims that the Parole Commission improperly awarded him only six

months for Superior Programming.  Compl. at ¶¶ 65, 77, 79.  The pertinent regulation provides

that:

> The Commission shall assess whether the prisoner has demonstrated ordinary or superior
> achievement in the area of prison programs, industries, or work assignments while under
> confinement for the current offense.  ***Superior program achievement means program
> achievement that is beyond the level that the prisoner might ordinarily be expected to
> accomplish.***

28 C.F.R. §2.80(e)(emphasis added).  The Commission determined that Plaintiff's completion of

educational and counseling programs constituted "ordinary achievement," but his completion of

the CODE Program was superior achievement (i.e. beyond the level that the prisoner might

ordinarily be expected to accomplish).  *Exhibit 1.*  While Plaintiff dwells on the large number of

educational hours (693 hours), he does not focus on the fact that those hours occurred over a

twenty-six year period, an average of less than twenty-seven hours per year, or about one half-

8

hour per week on average.  The Commission was not required by any law to deem this to be "superior" program achievement, and it did not violate any right belonging to Plaintiff in not so doing.  There is no provision in the D.C. parole statute for awards for superior program achievement.  <u>See</u> D.C. Code §§24-401 through 24-409. The regulation makes clear that to be "superior," achievement must be beyond the level the prisoner might be ordinarily expected to accomplish.

Plaintiff also fails to state any cognizable due process claims.  To state a claim for violation of his due process rights under the Fifth or Fourteenth Amendments, Plaintiff must identify a protected liberty interest that has been denied.  <u>Sandin v. Conner</u>, 115 S. Ct. 2293 (1995).  Though Plaintiff's allegations are far from clear, it appears that he is alleging violations of his rights to an in-person parole hearing, to a copy of the taped proceedings of his parole hearing, and to the application of the D.C. Parole Board's 1987 regulations to the adjudication of his parole eligibility.  Compl. at ¶¶ 61, 62, 81-88.  However, none of these are procedures to which Plaintiff has a constitutional right.  <u>See</u> <u>Greenholtz v. Inmates of the Nebraska Penal and Correctional Complex</u>, 442 U.S. 1 (1979) (if particular parole statute creates liberty interest, due process requires only a hearing and statement of reasons for denial of parole).

First, a video teleconference hearing, a procedure by which the hearing examiner can see and hear the prisoner and vice-versa, is expressly authorized by regulation.  28 C.F.R. §2.72; 69 Fed. Reg. 5273 (Feb. 4, 2004) (eliminating reference in §2.72 to "in person" hearing, and authorizing video conference).  Under <u>Greenholtz</u>, supra, assuming *arguendo* that there were a liberty interest created by the D.C. parole statute, due process creates only the right to a hearing, not to an "in person" hearing.  In short, there is no legal basis for Plaintiff's claim.

Second, Plaintiff fails to identify any legal authority for his alleged "right" to a taped recording of his hearing.  There is no such right found in the D.C. parole statute, and again under Greenholtz, even assuming due process applied, Plaintiff would only be entitled to a statement of reasons for denial of parole.  See Stratmon v. Schultz, 2006 W.L. 143938 (E.D.Cal. 2006) (where original tape of hearing was blank, Parole Commission complied with regulations notwithstanding not having a recording of the hearing, where the written record was provided to prisoner); Muhammad v. Mendez, 200 F.Supp.2d 466 (M.D. Pa. 2002) (where original tape is defective, Parole Commission complied with regulation by providing a copy of the defective tape); Hanrahan v. Williams, 1998 W.L. 160861 (N.D. Ill. 1998)(no inference of retaliation is permitted to be drawn from the fact of a missing hearing tape).  Recording equipment occasionally fails; no entitlement to relief arises from the fact that the recording equipment at Plaintiff's hearing did not function properly, where the Commission has provided to him, in response to his FOIA request, the written record of the hearing (*i.e.*, the hearing summary).  See generally, Payne v. United States, 539 F.2d 443 (5th Cir. 1976) (conclusory claim, unsupported by factual allegations, that parole board was cooperating with prosecutor, would not be considered by court); Elliott v. Perez, 751 F.2d 1472 (5th Cir. 1985)(loose and conclusory allegations precluded determination as to whether defendants entitled to immunity; remanded for filing of detailed complaint).

Finally, the D.C. parole guidelines are no longer good law.  Rather, with the transfer of jurisdiction to the Parole Commission under the Revitalization Act, the relevant regulations are those found in Title 28, Code of Federal Regulations.

Moreover, there is no constitutional right to be released on parole under the D.C. parole

statute.  E.g., <u>McRae v. Hyman</u>, 667 A.2d 1356 (D.C. App. 1995) (D.C. parole statute and

regulations do not create a liberty interest in parole, and Parole Board has discretion to disregard

scoring system).  It is further established law that the merits of parole decisions made under the

D.C. statute are not reviewable by courts.  E.g., <u>Bennett v. Ridley</u>, 633 A.2d 824, 826 (D.C. App.

1993) (court does not review merits of parole decision in habeas corpus); <u>Jones v. Braxton</u>, 647

A.2d 1116 (D.C. App. 1994)(court refused to review claim that Parole Board based its decision

on inaccurate information, because merits of parole decision not reviewable).

**CONCLUSION**

For all of the foregoing reasons, this action should be dismissed.[5]

Respectfully submitted,

_____/s/_____
JEFFREY A. TAYLOR, D.C. BAR # 498610
United States Attorney

_____/s/_____
RUDOLPH CONTRERAS, D.C. BAR # 434122
Assistant United States Attorney

_____/s/_____
QUAN K. LUONG
Special Assistant United States Attorney
555 Fourth Street, N.W., Room E-4417
Washington, D.C. 20530
(202) 514-9150 (telephone)
(202) 514-8780 (facsimile)

---

[5] Defendants also submit that Plaintiff's motion for class certification should be denied. The "quality of counsel" necessary "to protect the interests of the class" would be insufficient in the case of a *pro se* plaintiff, whose "competence... [is] clearly too limited to allow him to risk the rights of others."  <u>Oxendine v. Williams</u>, 509 F.2d 1405, 1407 (4th Cir. 1975) (per curiam).

## <u>CERTIFICATE OF SERVICE</u>

I HEREBY CERTIFY that on this 27th day of June, 2007, I caused service of the

foregoing **DEFENDANTS' MOTION TO DISMISS, OR IN THE ALTERNATIVE,**

**FOR SUMMARY JUDGMENT** to be made on the *pro se* plaintiff via first class mail:

> **SAMUEL L. BYRD**
> USP – Big Sandy
> P.O. Box 2068
> Inez, KY 41224

Respectfully submitted,

_____/s/_____
QUAN K. LUONG
Special Assistant United States Attorney
555 Fourth Street, N.W., Room E-4417
Washington, D.C. 20530
(202) 514-9150 (telephone)
(202) 514-8780 (facsimile)

<u>CERTIFICATE</u>

I, SHARON GERVASONI, Attorney in the Office of General Counsel, United States

Parole Commission, 5550 Friendship Boulevard, Chevy Chase, Maryland, 20815, certify that the

attached documents are true copies of documents contained in the parole file of **Samuel Byrd,**

Register Number **02016-016,** reviewed by me on the date stated below.

IN WITNESS WHEREOF, I have signed this 30th day of April, 2007, and have affixed the

seal of the United States Parole Commission.

Sharon Gervasoni
Assistant General Counsel
U.S. Parole Commission



 

```
;H      PAR3D   540*23 *              SENTENCE MONITORING            *    08-16-2006
PAGE 001            *                COMPUTATION DATA            *        15:56:44
                                     AS OF 08-16-2006
```

REGNO..: 02016-016 NAME: BYRD, SAMUEL L

```
FBI NO...........: 85270H              DATE OF BIRTH: 06-28-1953
ARS1.............: BSY/A-DES
UNIT.............: B UNIT               QUARTERS.....: B02-228L
DETAINERS........: NO                   NOTIFICATIONS: NO
```

THE FOLLOWING SENTENCE DATA IS FOR THE INMATE'S CURRENT COMMITMENT.
THE INMATE IS PROJECTED FOR RELEASE:  LIFE

----------------------CURRENT JUDGMENT/WARRANT NO: 010 ----------------------

```
COURT OF JURISDICTION...........: DIST OF COLUMBIA, DISTRICT CRT
DOCKET NUMBER...................: 80-00505-03
JUDGE...........................: RICHEY
DATE SENTENCED/PROBATION IMPOSED: 04-10-1981
DATE WARRANT ISSUED.............: N/A
DATE WARRANT EXECUTED...........: N/A
DATE COMMITTED..................: 05-01-2002
HOW COMMITTED...................: US DISTRICT COURT COMMITMENT
PROBATION IMPOSED...............: NO
SPECIAL PAROLE TERM.............:
```

RESTITUTION...:  PROPERTY:  NO  SERVICES:  NO      AMOUNT:  $00.00

----------------------CURRENT OBLIGATION NO: 010 ----------------------

```
OFFENSE CODE....:  112
OFF/CHG: T18 USC 751(A) - ESCAPE.

  SENTENCE PROCEDURE.............: 4205(A) REG ADULT-ORIG TERM GRTR THAN 1YR
  SENTENCE IMPOSED/TIME TO SERVE.:   5 YEARS
```

----------------------CURRENT JUDGMENT/WARRANT NO: 020 ----------------------

```
COURT OF JURISDICTION...........: DIST OF COLUMBIA, SUPERIOR CRT
DOCKET NUMBER...................: F1184-80
JUDGE...........................: UGAST
DATE SENTENCED/PROBATION IMPOSED: 05-14-1981
DATE WARRANT ISSUED.............: N/A
DATE WARRANT EXECUTED...........: N/A
5H    DATE COMMITTED..................: 05-01-2002
HOW COMMITTED...................: DC SUPERIOR COURT COMT
PROBATION IMPOSED...............: NO
```

;0002      MORE PAGES TO FOLLOW . . .

*Ex.1*



```
5H     PAR3D  540*23 *                SENTENCE MONITORING        *    08-16-2006
PAGE 002            *              COMPUTATION DATA           *    15:56:44
                                  AS OF 08-16-2006
```

REGNO..: 02016-016 NAME: BYRD, SAMUEL L


SPECIAL PAROLE TERM.............:


RESTITUTION...:  PROPERTY:  NO  SERVICES:  NO        AMOUNT:  $00.00

-------------------------CURRENT OBLIGATION NO: 010 -------------------------
OFFENSE CODE....:  621
OFF/CHG: DC CODE: CT.D 1ST DEGREE PREMEDITATED MURDER WHILE ARMED; CT.E
         KIDNAPPING WHILE ARMED; CT.H & I ASSAULT W/DANGEROUS WEAPON;
         CT.K GRAND LARCENY; CT.F ARMED ROBBERY; CT.M CARRY PISTOL
         WITHOUT A LICENSE

 SENTENCE PROCEDURE.............: DC CODE ADULT
 SENTENCE IMPOSED/TIME TO SERVE.: LIFE
 MINIMUM TERM...................:       30 YEARS      6 MONTHS
 DC MANDATORY MINIMUM TERM......:       20 YEARS
 DATE OF OFFENSE................: 03-01-1980

 REMARKS.......: COUNTS E,H,I,K, AND M ARE TO RUN CONSECUTIVE TO EACH OTHER AND
                 CONSECUTIVE TO COUNTS D & F.

-------------------CURRENT JUDGMENT/WARRANT NO: 030 -------------------------

COURT OF JURISDICTION..........: DIST OF COLUMBIA, SUPERIOR CRT
DOCKET NUMBER..................: F1983-80
JUDGE..........................: UGAST
DATE SENTENCED/PROBATION IMPOSED: 01-18-1982
DATE WARRANT ISSUED............: N/A
DATE WARRANT EXECUTED..........: N/A
DATE COMMITTED.................: 05-01-2002
HOW COMMITTED..................: DC SUPERIOR COURT COMT
PROBATION IMPOSED..............: NO
SPECIAL PAROLE TERM............:


RESTITUTION...:  PROPERTY:  NO  SERVICES:  NO       AMOUNT:  $00.00




G0002       MORE PAGES TO FOLLOW . . .

```
5H     PAR3D  540*23 *              SENTENCE MONITORING          *      08-16-2006
PAGE 003          *             COMPUTATION DATA          *      15:56:44
                                AS OF 08-16-2006
```

REGNO..: 02016-016 NAME: BYRD, SAMUEL L


------------------------CURRENT OBLIGATION NO: 010 -------------------------
OFFENSE CODE....:  602
OFF/CHG: DC CODE: CT.D ASSAULT ON POLICE OFFICER WHILE ARMED;
         CT.E CARRYING A PISTOL WITHOUT A LICENSE

 SENTENCE PROCEDURE.............: DC CODE ADULT
 SENTENCE IMPOSED/TIME TO SERVE.:    9 YEARS   .
 MINIMUM TERM...................:    3 YEARS
 RELATIONSHIP OF THIS OBLIGATION
  TO OTHERS FOR THE OFFENDER....: CC
 DATE OF OFFENSE................: 01-31-1979

 REMARKS.......: CT D & E CONCUR W/EA OTHER AND CONCUR W/ANY OTHER SENT

------------------------CURRENT JUDGMENT/WARRANT NO: 040 --------------------
COURT OF JURISDICTION..........: DIST OF COLUMBIA, SUPERIOR CRT
DOCKET NUMBER..................: F1059-80
JUDGE..........................: UGAST
DATE SENTENCED/PROBATION IMPOSED: 01-18-1982
DATE WARRANT ISSUED............: N/A
DATE WARRANT EXECUTED..........: N/A
DATE COMMITTED.................: 05-01-2002
HOW COMMITTED..................: DC SUPERIOR COURT COMT
PROBATION IMPOSED..............: NO
SPECIAL PAROLE TERM............:


RESTITUTION...:  PROPERTY:  NO  SERVICES:  NO       AMOUNT:  $00.00

------------------------CURRENT OBLIGATION NO: 010 -------------------------
OFFENSE CODE....:  644
OFF/CHG: DC CODE: CT.G ROBBERY

 SENTENCE PROCEDURE.............: DC CODE ADULT
 SENTENCE IMPOSED/TIME TO SERVE.:    9 YEARS
 MINIMUM TERM...................:    3 YEARS
 RELATIONSHIP OF THIS OBLIGATION
  TO OTHERS FOR THE OFFENDER....: CS TO 030 - CC W/ALL
 DATE OF OFFENSE................: 02-26-1980


5H
30002       MORE PAGES TO FOLLOW . . .



```
5H    PAR3D  540*23 *            SENTENCE MONITORING        *      08-16-2006
PAGE 004           *            COMPUTATION DATA         *      15:56:44
                                AS OF 08-16-2006
```

REGNO..: 02016-016 NAME: BYRD, SAMUEL L


   REMARKS.......: CONSEC W/F1983-80 D&E FOR A TOTAL SENT OF 6YR TO 18YRS, BUT
                   CONCUR W/ ANY OTHER SENT

-------------------CURRENT JUDGMENT/WARRANT NO: 050 ------------------------

```
COURT OF JURISDICTION...........: DIST OF COLUMBIA, SUPERIOR CRT
DOCKET NUMBER...................: 1022-71
JUDGE...........................: HAMILTON
DATE SENTENCED/PROBATION IMPOSED: 03-12-1980
DATE WARRANT ISSUED.............: 03-12-1980
DATE WARRANT EXECUTED...........: 01-31-1983 .
DATE COMMITTED..................: 05-01-2002
HOW COMMITTED...................: RETURN OF PAROLE VIOLATOR
PROBATION IMPOSED...............: NO
SPECIAL PAROLE TERM.............:
```

RESTITUTION...: PROPERTY: NO SERVICES: NO        AMOUNT: $00.00

-------------------CURRENT OBLIGATION NO: 010 ------------------------
```
OFFENSE CODE....:  602
OFF/CHG: DC CODE:  ASSAULT

 SENTENCE PROCEDURE.............: DC CODE ADULT
 SENTENCE IMPOSED/TIME TO SERVE.: 2144 DAYS
 NEW SENTENCE IMPOSED...........:    5 YEARS      9 MONTHS      16 DAYS
 BASIS FOR CHANGE...............: PAROLE VIOLATOR WARRANT EXEC
 DATE OF OFFENSE................: N/A
```

   REMARKS.......: PAROLE 3-5-74;WARR EXECUTED 11-05-74;RE-PAROLED 1-9-78;WARR
                   ISSUED 3-12-80; WARR EXECUTED 1-31-83; 2144 DYS PV TERM CONCUR
                   2/3RDS DATE ON FEDERAL SENT ONLY -PE DATE: 30Y & 6M (FED & DC)


G0002      MORE PAGES TO FOLLOW . . .

```
5H     PAR3D  540*23 *              SENTENCE MONITORING       *     08-16-2006
PAGE 005 OF 005 *                   COMPUTATION DATA       *     15:56:44
                                    AS OF 08-16-2006
```

REGNO..: 02016-016 NAME: BYRD, SAMUEL L

------------------------CURRENT COMPUTATION NO: 010 -------------------------

COMPUTATION 010 WAS LAST UPDATED ON 05-16-2005 AT BSY AUTOMATICALLY

THE FOLLOWING JUDGMENTS, WARRANTS AND OBLIGATIONS ARE INCLUDED IN
CURRENT COMPUTATION 010: 010 010, 020 010, 030 010, 040 010, 050 010

```
DATE COMPUTATION BEGAN..........: 04-10-1981
AGGREGATED SENTENCE PROCEDURE...: AGGREGATE GROUP 50
TOTAL TERM IN EFFECT............: LIFE
TOTAL TERM IN EFFECT CONVERTED..: LIFE
AGGREGATED MINIMUM TERM.........:     32 YEARS        2 MONTHS
COMBINED MANDATORY MINIMUM......:     20 YEARS
EARLIEST DATE OF OFFENSE........: 01-31-1979

JAIL CREDIT.....................:     FROM DATE      THRU DATE
                                      03-06-1980     05-08-1980
                                      05-18-1980     04-09-1981

TOTAL JAIL CREDIT TIME..........: 391
TOTAL INOPERATIVE TIME..........: 0
STATUTORY GOOD TIME RATE........: 0
TOTAL SGT POSSIBLE..............: 0
PAROLE ELIGIBILITY..............: 05-06-2007
STATUTORY RELEASE DATE..........: N/A
TWO THIRDS DATE.................: N/A
180 DAY DATE....................: N/A
EXPIRATION FULL TERM DATE.......: LIFE

NEXT PAROLE HEARING DATE........: 11-00-2006
TYPE OF HEARING.................: INITIAL

PROJECTED SATISFACTION DATE.....: N/A
PROJECTED SATISFACTION METHOD...: LIFE

REMARKS.......: AMENDED J&C DTD 10-29-86 - DOCKET #F1184-80 DEFHIKM - JWAR 020
                REMOVES CT C FROM ORIGINAL ORDER. DC TERM OF 30Y & 6M & 1/3 OF
                FED CS 5Y TERM EQUALS 32Y & 2M. PE DATE IS BASED ON 30Y & 6M.
```

```
5H
S0055        NO PRIOR SENTENCE DATA EXISTS FOR THIS INMATE
```




## D.C. Initial Prehearing Assessment
Presumptive Date Format

**Offense of Conviction:** Parole Violation [original offenses: Armed Robbery, Assault w/Dangerous Weapon, Carrying Dangerous Weapon 1022-71];
Escape [80-00505-03]; 1st Degree Premeditated Murder While Armed, Kidnapping While Armed, Assault w/Dangerous Weapon, Grand Larceny, Armed Robbery, CPWOL [F-1983-80 & F-11-84-80]; and Assault on a Police Officer While Armed; CPWOL [F-1059-80]

| | | | |
|---|---|---|---|
| Name.........................: | Byrd Samuel | Parole Eligibility Date.....: | 05/06/2007 |
| Reg. No.......................: | 02016-016 | Months Served at | |
| DCDC Number..............: | 169-421 | Eligibility....................: | 326 |
| PDID Number.................: | 228-163 | MR Date (2/3)...............: | |
| Birthdate......................: | 06/28/1953 | Months at MR...............: | |
| Examiner.....................: | Baker Phyllis R. | Full Term Date.............: | LIFE |
| Institution....................: | Big Sandy USP | Jail Credit....................: | 391 |
| Pre-Hearing Date...........: | 09/05/2006 | In-Operative Time..........: | 0 |
| Sentence Length............: | Life | Fines/Restitution/..........: | $0 |
| Sentence Type...............: | Adult | | |

Detainer:  None Identified {see *NOTE below}

**Additional Text:**  **None**

**Current Offense and/or Previous Parole Action :**   On 2/6/73, Samuel Byrd appeared in the Superior Court, District of Columbia and was sentenced to a term of 2 to 12 years for Armed Robbery, Assault w/Dangerous Weapon and Carrying Dangerous Weapon [Docket #1022-71].  Details of the offenses revealed on 3/23/71, Byrd and codefendant William Lattimore robbed Kay's Discount and Variety Store located 2331 Pennsylvania Ave. S.E.  They were armed with pistols and told the victim, "if you scream, you are dead."  They fled the scene with $150.  At the time of arrest, Byrd was in possession of a loaded .32 caliber pistol.

**Byrd was paroled on 3/4/74 with a full term date of 3/23/83.**

A warrant was issued on 7/22/74 charging failure to maintain employment, failure to report change in residence, and new law violations of possession of a firearm, assault with a dangerous weapon and assault with intent to kill [78166-74].  Subject was convicted of Aggravated Assault-ADW [12943-75] as a result of the arrest.  Per Board Order dated 2/3/76, his parole term was revoked.

**Byrd was reparoled on 9/29/77 with a full term date of 11/23/83.**

Subject's adjustment was poor.  Records show that on 8/23/78, Byrd was arrested and charged with Carry a Pistol without a License [F-305-78] for which he was found not guilty on 9/14/79 in the Superior Court for the District of Columbia.  Using the alias name of Thomas Johnson, Subject was arrested in Prince George's County, MD on 2/16/79 and charged with 17 counts of Robbery with a Deadly Weapon [T-20190].

*Ex 2*

Records show he posted bond on 3/5/79 and failed to appear in the Maryland District Court as scheduled on 2/5/80. *NOTE: Information contained in the 4/81 presentence report revealed that Prince George's County issued a warrant on 3/19/80 and lodged it as a detainer. The BOP computation does not show that Maryland has a detainer on file pertaining to the Robbery charges. Computerized records do not indicate a conviction in the state of Maryland; thus, the status of the charges is unknown.

Byrd was arrested in the District of Columbia on 3/5/80 and charged with Assault on a Police Officer While Armed; CPWOL [F-1059-80]. On 3/11/80, he was also charged with First Degree Premeditated Murder While Armed, Kidnapping While Armed, Assault w/Dangerous Weapon, Grand Larceny, Armed Robbery, CPWOL [F-1983-80 and F-11-84-80].

Details of the offenses revealed on 1/31/79, a uniformed officer conducted a traffic stop on the vehicle Subject was driving. The officer learned that the car had been reported stolen. After the officer questioned Subject and proceeded to return to the patrol car, the Subject sped away. The officer pursued and Subject stopped only after hitting a pole. When the officer attempted to remove Subject from the stolen vehicle, the Subject responded with gunfire and wounded the officer. He fled from the scene.

On 2/26/80, Subject and a codefendant entered the Geisha House Paradise located on K Street, N.W. Once inside, they produced handguns and demanded money from several female employees and their customers. They also obtained $140 from the establishment. Four witnesses were tied up and they fled the scene.

On 3/1/80, a 19-year-old male was shot twice during the course of a Armed Robbery and Kidnapping at a Texaco Gas Station located on Good Hope Road in Southeast. The victim was transported to Capitol Hill Hospital where he died a short time later. An Informant identified Subject and two others as being involved in the shooting. The assailants attempted to remove money from the victim's pockets at gun point. The victim resisted and was shot. Records show Byrd was in custody until 5/8/80 when he escaped.

Byrd was arrested on 5/18/80 and charged with Escape [80-00505-03]. Details of the offense revealed that Subject was in the District of Columbia Detention Facility pending legal proceedings in Docket # F-1983-80 and F-1059-80. On 5/8/80, the facility received a report that persons had been seen climbing out of a window. Investigation revealed that 4 persons had escaped. Byrd was one of them. To effect the escape, crossbars had been cut and pulled away, sheets were tied together to perform as a rope. They escaped in a waiting car, driven by an unknown coconspirator.    Subject was arrested in Harrisburg, PA 9 days later.

Subject was on parole when he committed the new offenses. The parole warrant, filed as a detainer on 3/12/80 was executed on 2/2/83. Subject is in service of an aggregate term of 32 years & 2 months to Life for the new criminal offenses and for parole violation.

On 7/26/06, Byrd filed an I-24 for parole consideration. He is eligible for parole in 5/07. He identified Terry King as a representative.

**Codefendants:**
Docket #F-1983-80 & F-1059-80: Per PSR codefendants identified as Tyrone Thorne and Harold Austin

Docket #F-1184-80: Per PSR codefendants identified as Dickie Williams and Harold Austin

Offenders involved in Escape: Rufus James on 3/27/81 – 5 yrs; Larry Wallace on 3/27/81 – 5 yrs; Veronica Kemp (accessory after the fact); & Mr. Givens (no information available).

## SALIENT FACTOR SCORE (SFS-98)

| Date | Offense | Disposition of 2 most significant prior convictions: | |
|------|---------|---------------------------------------------------------|---|
| 03/23/1971 | Assault w/Dangerous Weapon<br>Armed Robbery<br>Carry a Dangerous Weapon<br>1022-71 / District of Columbia | 2/6/73: 2 to 12 yrs<br>paroled 3/4/74; Revoked 2/3/76<br>paroled 9/29/77<br>detainer warrant executed 2/2/83 (**current offense**) | (1-1)<br>(1-2) |
| 7/01/1974 | Assault Dangerous Weapon<br>#7816674 {charge replaced w/below}<br>3/3/75: Aggravated Assault-ADW<br>#1294375 | 11/20/75: 3 to 9 yrs concurrent<br>Appellate court overturned conviction 8/3/77<br>11/30/77: Retrial, guilty plea - time served & released<br>from this sentence | (2-2) |

SFS Item A = 1    Subject has 2 prior convictions/adjudication.

SFS Item B = 1    Subject has 2 prior commitments of more than 30 days that were imposed prior to the last overt act of the current offense.

SFS Item C = 2    Subject was 25 years old at the commencement of the current offense and had 2 prior commitments.

SFS Item D = 0    01/31/1979 - Date of Current Offense.
09/29/1977 - Release to the Community from last commitment

SFS Item E = 0    Subject is a parole status violator.

SFS Item F = 0    Sum of Items A-E = 4 and the offender was 25 years old at the commencement of the current offense.

**Salient Factor Score = 4**

---

## D.C. Code Point Assignments

Category I Points:    2    SFS is 4 .    { SFS... 10-8 = 0; 7-6 = 1; 5-4 = 2; 3-0 = 3}

Category II Points:    4    Subject committed acts of violence in the current offense and felony violence in TWO OR MORE prior offense.

Category III Points:    3    Current offense involved high level of violence or resulted in death of victim.

**Base Point Score =    9**    Sum of Categories I, II and III

Base Guidelines    110 - 140
(range in months):




**Negative Institutional Behavior:**
1 - Report #95276: Possessing a Dangerous Weapon: The DHO Report was not available. This information is contained in the computerized record [pd15], which revealed that the offense occurred on 7/27/92 and Byrd admitted the charge. The DHO Hearing was conducted on 8/4/92. A sanction of 1095 forfeiture of statutory good time was imposed and a disciplinary transfer recommendation was suspended for 180 days pending clear conduct.
CATEGORY THREE / 12-16 months

2 - Report #65972: Possessing Drugs or Drug Items - Per computerized records, Byrd admitted to narcotic use. The offense occurred on 1/30/92. The DHO hearing was held on 3/5/92. A sanction of 60 days disciplinary segregation was suspended for 180 days and statutory good time was forfeited for 90 days.
ADMINISTRATIVE / 0-8 months

3 - Report #37051: Refusing to Obey an Order - The details were not available; computerized records revealed that other charged infractions were expunged. The incident occurred on 7/29/91. The DHO hearing was held on 7/31/91; a sanction of 15 days loss of commissary privileges was imposed.
ADMINISTRATIVE / 0-2 mths
n

### Administrative Rescission Infractions

| Number of Occurrences | Type | Guidelines (range in months): |
|---|---|---|
| 1 | Non-Drug Infractions | 0 - 2 |
| 1 | Drug Infractions | 0 - 8 |

Total Administrative GL:   0 - 10

### Criminal Rescission Behavior

| Number of Occurrences | Severity | Location | Guidelines (months) | SFS |
|---|---|---|---|---|
| 1 | Three | Prison Facility (or CCC) | 12 - 16 | |

Total New Criminal GL:   12 - 16

**Program Achievement:** Computerized records reveal that from 8/85 to 8/05, Subject has earned a total of 693 educational hours. He obtained 332 hours between 10/82 and 8/85 after completing Adult Basic Education. He obtained 177 hours for completion of computer-related courses and 100 hours for Exploratory Factory. He has been enrolled in a course (OE Marketable) since 8/15/05.

The BOP Progress Report dated 7/26/06 confirmed certificates received after completing the 7-week substance abuse program psycho educational phase; participation in cocaine anonymous; completion of

stress and anger management and victim impact panel classes. The dates of enrollment and completion were not provided.

The Progress Report revealed that Subject seeks individual counseling as needed. He is participating in the aftercare portion of the CODE Program, which is a voluntary program. Subject has been located at USP Big Sandy since 2/5/04 and has maintained clear conduct since being at the facility. Upon release, he plans to relocate to Youngstown, Ohio with his wife (specifics were not provided).

Prisoner has demonstrated Superior Program Achievement for 0 months

## Guidelines (range in months):

|  |  |  |  |
|---|---|---|---|
| Months to Serve to PE Date ..........: | 326 | - | 326 |
| Base Guidelines...........................: | 110 | - | 140 |
| Negative Behavior Guidelines........: | 12 | - | 26 |
| (Sum of Administrative & Criminal) | | | |
| Superior Program Achievement GL.: | 0 | - | 0 |
| Total Guidelines.........................: | 448 | - | 492 |

**Risk:** No aggravating or mitigating risk factors are noted

## Prehearing Evaluation and Summary:
Samuel Byrd, age 53, is in service of a maximum sentence of Life for First Degree Premeditated Murder While Armed and related offenses.

Byrd has been in creditable custody for 318 months (26 years) as of 8/26/06.

The BOP Progress Report reflects 3 DHO infractions, one of which is criminal. These infractions occurred during 1991 and 1992. Thus, Subject has maintained clear conduct for approximately 14 years. Subject is assigned work as a Detail Foreman and evaluations are rated as outstanding. He is considered a consistent and reliable worker. Subject has no significant mental or physical health concerns.

Subject is 132 months away from the bottom of the reparole guideline range.

## HEARING SUMMARY

**Name:  Byrd, Samuel**                                    **Reg No:  02016-016**

**Hearing Parameters**

    Hearing Format ..............................: **Video Conferencing**

    Hearing Type ................................: **Initial**

    Hearing Date ................................: September 6, 2006

    Examiner.....................................: Otis Thomas

    Institution .......................................: Big Sandy USP

**Sentence Parameters**

    Sentence Type...............................: **DC Parole Eligible**

    MR/Statutory Release .................: Life

    Full Term Date .............................: Life

    Months in Custody.......................: 318 as of 9/6/2006

    Fines/Restitution/Assessment ......: 0

    Detainer.........................................: None

**Additional text regarding the above parameters:**  None

**Prior Action & Institutional Factors**

**Prior Action:**  Please see Pre-review dated September 5, 2006.

**Codefendants:**  Docket No. F-1983-80 – Harold Austin.

Docket No. F-1184-80 – Dickey Williams.

Offenders involved in Escape: Rufus James on 3/27/81 – 5 years; Larry Wallace on 3/27/81 – 5 years; Veronica Kemp (accessory after the fact); and Mr. Gibbons all have been released to the community.

**Representative & Representative's Statement:**  None.

**Prisoner's Statement:**  The subject agreed with the details of the offense as described in the Prehearing Assessment dated 9/5/2006 with the exception that the murdered victim was only shot once, not twice. He also contests the charge of Assault on a Police Officer. He stated he was never involved in that behavior, and accepted the charge because of a multitude of charges that he had agreed to a plea. In review of the Prehearing Assessment, would indicate the subject was in custody at the time this offense occurred. The offense of Assault on a Police Officer occurred on 3/5/80. The Murder of a 19 year old male occurred on 3/1/80. It appears the subject has been in custody until 5/8/80 when he escaped.

**Byrd, Samuel, Reg. No. 02016-016**                    **Page 1 of 4**

*Ex. 3*



He stated that he does not condone his behavior; however, it took him 12 years to admit that he had been involved in the murder. He stated that his father could not believe that he would have committed this murder. He stated that he could not find it in his heart to tell his father that he committed the murder. He stated that he later admitted to his mother that he did actually commit these crimes. He stated that his intention was not to harm anyone, he realized that he took a life, and deprived the victim's family of his presence, and caused them grief for his ignorance.

The subject acknowledged understanding of the SFS, and presumptive parole process. However, the subject questioned the US Parole Commission assessing guidelines for negative institutional behavior. In addition, he had a difficult time understanding the DC Base Point Score. However, this examiner thoroughly explained the process to the subject.

## Disciplinary Infractions

**No. 1 - BOP Incident Report No. 95276**
  **Description of Behavior:** Possessing a Dangerous Weapon – The subject was found in possession of a dangerous weapon on 7/27/92. The subject admitted to the charge at his DHO Hearing. The DHO Hearing was conducted on 8/4/92. The subject was sanction 1095 forfeiture of statutory good time was imposed and a disciplinary transfer.
  **Prisoner's Response:** The subject admitted to the above cited offense.
  **Findings of Fact:** This examiner finds that the subject violated the rules of the institution as indicated in the above violation.
  **Basis:** Your admission.
  **Severity:** Category Three because it involved Possessing a Dangerous Weapon.
  **Rescission Guideline: 12-16 months.**

**No. 2 - BOP Incident Report No. 65972**
  **Description of Behavior:** Possessing Drugs or Drugs Items – On 1/30/92, the subject presented a positive urine specimen for use of drugs. It is noted that there was no description of the drug used. The subject could not provide the undersigned examiner with the type of drugs nor could the case manager. The subject admitted that a positive urine specimen for drugs was submitted, however, he stated that this was due to ingesting of sesame seed rolls. The subject was found guilty by the DHO on 3/5/92 and sanctioned 60 days disciplinary segregation and statutory good time was forfeited for 90 days.
  **Prisoner's Response:** The subject admitted to the above cited infraction.
  **Findings of Fact:** This examiner finds that the subject violated the rules of the institution as indicated in the above violation.
  **Basis:** Your admission.
  **Rescission Guideline: 0-8 months.**

**No. 3 – BOP Incident Report No. 37051**
  **Description of Behavior:** Refusing to Obey an Order – On 7/29/91, the subject refused to obey and order. There were no details regarding this offense, nor was there information in the institutional file regarding this offense. The subject was found guilty by the DHO on 7/31/91. and sanctioned 15 days loss of commissary.
  **Prisoner's Response:** The subject admitted to the above cited infraction.



**Findings of Fact:** This examiner finds that the subject violated the rules of the institution as indicated in the above violation.
**Basis:** Your admission.
**Rescission Guideline: 0-2 months.**

**Program Achievement:** The subject has completed several Educational and Counseling Programs. From August 1985 through August 2005, the subject has earned a total of 693 educational hours. He obtained 332 hours between 10/82 and 8/85 after completing Adult Basic Education. He also completed 177 hours for completion of Computer Related Courses and 100 hours Exploratory Factory. He has been enrolled in the course and continued to be enrolled in the Course for OA Marketable since August, 2005.

In addition, the subject completed the 7 week Session of Jewish Program, Cycle Educational Phase, participation in Cocaine Anonymous, completion of Stress and Anger Management, and he completed the Victim Impact Class. We also note that the subject completed the 18 month CODE Program, and continues to volunteer in the program.

**Superior Program Achievement Award Recommendation:** This recommendation includes a 6 month credit for Superior Program Achievement; specifically, because you completed the 18 month CODE Program.

**Release Plans:** Upon release, the subject intends to reside with his family in Youngstown, OH.

**Guideline Parameters, Evaluation & Recommendation**

**Salient Factor Score:** 4
**Base Point Score:** 9

Base Point Score Guideline Range: ............................110-140
Months to Parole Eligibility Date: ..............................326-326
Disciplinary Guideline SINCE Last Hearing:.................12-26
Superior Program Achievement SINCE Last Hearing: ......6-6
Total Guideline Range: ..............................................442-486

**Evaluation:** The subject's total guideline range was 442-486 months. The subject received a 6 month reduction for completing the 18 month CODE Program. The subject admitted his involvement in the multitude of offenses, and accepts full responsibility for his behavior. As noted above, the subject stated that the victim that was murdered was only shot one time, however, the Prehearing Assessment and the Presentence Report indicates that the subject was shot twice. The other issued that the subject disagreed with at the Prehearing Assessment was that he assaulted a police officer. He stated that because of the multitude of offenses that he had already pled guilty to, he accepted the plea on that charge. In review of the Prehearing Assessment, indicates that the subject was actually in jail when he was charged with assault on a police officer. Due to the multitude of offenses in the instant offense, this does not change the guidelines.
It is also noted that the subject was confused about the assessment of the guidelines. The undersigned examiner explained the assessment of the guidelines and was thoroughly reviewed with the subject. The subject was confused about the assessment of negative institutional behavior and the base guidelines. Again, this was thoroughly explained to the subject.

 

**Recommendation:** Schedule for a Reconsideration Hearing in September, 2011 after the service of 60 months from the date of the hearing September 6, 2006.

**Conditions:** N/A.

**Statutory Interim Hearing:** N/A.

**Guideline Use:** A departure from the guidelines at this consideration is not warranted.

**Additional Text:** None.

[Signature]


OXT/PAH
September 11, 2006


**Executive Reviewer's Comments:** Denton 9/17/06

After reviewing the file, it appears that although the DC Board ordered the warrant executed in 2?83 and ordered the case transferred to the Commission for a revocation hearing, the revocation hearing was never conducted. The violator term has been running concurrently with the new term since the execution of the warrant. This hearing primarily focuses on the new offense behavior and the violator offense has been used as prior record as in a dispositional revocation. Since the new term will absorb the violator term, there does not appear to be a need to do a revocation hearing since it was the intent of the DC Board that the time run concurrently. I have staffed this case with the Case Operations Administrator who is in agreement with handling this case as an initial hearing only.

<u>CERTIFICATE</u>

I, SHARON GERVASONI, Attorney in the Office of General Counsel, United States Parole Commission, 5550 Friendship Boulevard, Chevy Chase, Maryland, 20815, certify that the attached documents are true copies of documents contained in the parole file of **Samuel Byrd,** Register Number **02016-016,** reviewed by me on the date stated below.

IN WITNESS WHEREOF, I have signed this 30th day of April, 2007, and have affixed the seal of the United States Parole Commission.

Sharon Gervasoni
Assistant General Counsel
U.S. Parole Commission



## 2.80 Guideline Worksheet

me: Samuel Byrd                    Reg. No. O2016-016

itution: USP Big Sandy            Hearing Date: 4/6/06

aring Type: Initial

### Base Point Score

**Note: If an item *does not apply*, please leave that item blank.**

| | | | |
|---|---|---|---|
| 1. | Base Point Score Guideline Range | | 110 - 140 |
| 2. | Months to Parole Eligibility | | 326 - 326 |
| 3. | Disciplinary Guidelines *(prior to last hearing)* | | 12 - 26 |
| 4. | Superior Program Achievement *(prior to last hearing)* | | -6 - -6 |
| 5. | Prior Guideline Range Conversion *(Lines 1 + 2 + 3 minus Line 4)* | | 442 - 486 |
| 6. | Disciplinary Guidelines *(since last hearing)* *(Complete Worksheet on Page 3)* | | 0 - 0 |
| 7. | Superior Program Achievement *(since last hearing)* *(Complete Worksheet on Page 3)* | | 0 - 0 |
| 8. | Total Guideline Range *(Lines 5 + 6 minus Line 7)* | | 442 - 486 |

ciplinary Infractions. If the prisoner had 1 additional point added to the point score for disciplinary
actions, use (a) 1 x the applicable rehearing range; or (b) the guideline range from Section 2.36,
ichever is less. If the prisoner had 2 additional points added to the point score for disciplinary infractions,
(a) 2 x the applicable rehearing range, or (b) the guideline range from Section 2.36, whichever is less.
erior Program Achievement. If the prisoner received a 2 point reduction for SPA (not ordinary
gram achievement), subtract 1 x the applicable rehearing range

| Base Point Score | Base Point Score Guideline Range |
|---|---|
| 3 or less | 0-0 months |
| 4 | 12-18 months |
| 5 | 18-24 months |
| 6 | 36-48 months |
| 7 | 54-72 months |
| 8 | 72-96 months |
| (9) | 110-140 months |
| 10 | 156-192 months |

| Base Point Score | Rehearing Range |
|---|---|
| 0-4 | 12-18 months |
| 5-8 | 18-24 months |
| 9 | 22-28 months |
| 10 | 26-32 months |

# 2.80 Guideline Worksheet

ıe: _Samuel Byrd_                         Reg.No. _020/6-01b_

ı have been in confinement as a result of your current offense and/or violation behavior for a total of _31 8_ months as of _~~8/28/06~~ 9/6/06_ to be credited toward the leline range that applies to your term(s).

> After review of all relevant factors and information presented, *(check one of the following:)*
> __✗__ a decision outside the Total Guideline Range at this consideration is not found warranted.
> _____ a decision **above** the Total Guideline Range is warranted because *(dictate in summary)*
> _____ a decision **below** the Total Guideline Range is warranted because *(dictate in summary)*

reconsideration hearing is recommended, complete the following:

ı have been scheduled for a reconsideration hearing in _____ after the service _____ months from your current hearing date.

**ecutive Hearing Examiner's Note to Data Technician:**

[ ]  Copy reasons from addendum *(instead of hearing summary).*

aring Examiner    _O T_    Date: _9/6/06_

ecutive Hearing Examiner _____    Date:_____

## 2.80 Guideline Worksheet
## Institutional Behavior

Name: Samuel Byrd                                Reg. No. 02016 - 016

### Disciplinary Guidelines

**Note: Include only behavior that has occurred *since the last hearing* or has not previously been considered by the Commission**

1. You have ____1____ non-drug related infraction(s) *[0-2 months each]*, which require(s) ___0__ - _2_ months to be added to your base point score guideline range.

2. You have ____1____ drug related infraction(s) *[0-8 months each]*, which require(s) ___0__ - _8_ months to be added to your base point score guideline range.

3a. You have committed behavior that constitutes new criminal conduct in a prison facility or community corrections center which is rated as Category _Three_ severity because it involved _Possession_ _of a weapon_

This requires _12_ - _16_ months to be added to your base point score guideline range. *(If additional criminal conduct in a prison facility, use Page 4.)*

4. You escaped or attempted to escape from non-secure custody with voluntary return in 6 days or less on _____ occasion(s) *[0-6 months each]*, which requires _____ - _____ months to be added to your base point score guideline range.

5. You escaped or attempted to escape from secure custody/non-secure custody without prompt voluntary return on _____ occasion(s) *[8-16 months each]*, which requires _____ - _____ months to be added to your base point score guideline range.

6. You have committed behavior that constitutes new criminal conduct [that extends into the community] [in the community while on] [pass from a community corrections center] [furlough] [work release] [escape] which is rated as Category _____ severity because it involved _____

Your new salient factor score (SFS-98) is _____. Commission guidelines which consider the above factors require _____ - _____ months to be added to your base point score guideline range.

7. You have an aggregate disciplinary guideline range of _12_ - _26_ months, which is to be added to your base point score guideline range. *(Use this only if two or more of the above paragraphs apply.)*

### Superior Program Achievement Award

**Note: Include only Program Achievement *since the last hearing***

You have been granted a reduction of _6_ months from your Total Guideline Range for superior program achievement. This was granted because: *(dictate the reasons for granting SPA in the Addendum Section at the end of the hearing summary using appropriate wording to appear on the Notice of Action)*

## 2.?? Guideline Worksheet
### Institutional Behavior (continued)
this page only if additional criminal conduct in a prison facility is not captured on Page 3)

_____

:_____ Reg. No._____


### New Criminal Conduct
**Note: Include only behavior that has occurred *since the last hearing* or
has not previously been considered by the Commission**


addition, you have committed behavior that constitutes new criminal conduct in a prison facility or in a
mmunity corrections center which is rated as Category _____ severity because it involved _____
_____,
dicating a guideline range of _____-_____ months to be added to your original   [guideline range]
resumptive]   [effective] parole date (_____).


addition, you have committed behavior that constitutes new criminal conduct in a prison facility or in a
ommunity corrections center which is rated as Category _____ severity because it involved _____
_____,
dicating a guideline range of _____-_____ months to be added to your original   [guideline range]
presumptive]   [effective] parole date (_____).


addition, you have committed behavior that constitutes new criminal conduct in a prison facility or in a
ommunity corrections center which is rated as Category _____ severity because it involved _____
_____,
dicating a guideline range of _____-_____ months to be added to your original   [guideline range]
presumptive]   [effective] parole date (_____).


addition, you have committed behavior that constitutes new criminal conduct in a prison facility or in a
ommunity corrections center which is rated as Category _____ severity because it involved _____
_____,
dicating a guideline range of _____-_____ months to be added to your original   [guideline range]
presumptive]   [effective] parole date (_____).

# 2.80 Guideline Worksheet
## Salient Factor Score
## (SFS-98)

Name: Samuel Byrd                    Reg.No. 02016-016

Item

**A**  **Prior Convictions/Adjudications (Adult or Juvenile)** ....... ............ 2

  None = 3;  One = 2;  Two or Three = 1;  Four or More = 0

  [1]

**B**  **Prior Commitment(s) of More Than 30 Days (Adult or Juvenile)** ....2

  None = 2;  One or Two = 1;  Three or More = 0

  [1]

**C**  **Age at Current Offense/Prior Commitments** ............ 25

| 26 years or more | Three or fewer prior commitments | = 3 |
| | Four prior commitments | = 2 |
| 22 - 25 years | Five or more commitments | = 1 |
| | Three or fewer prior commitments | = 2 |
| | Four prior commitments | = 1 |
| 20 - 21 years | Five or more prior commitments | = 0 |
| | Three or fewer prior commitments | = 1 |
| 19 years or less | Four prior commitments | = 0 |
| | Any number of prior commitments | = 0 |

  [2]

**D**  **Recent Commitment Free Period (Three Years)** ........... ...........

  No prior commitment of more than 30 days (adult or juvenile) or released to the community from last such commitment at least 3 years prior to the commencement of the current offense = 1; Otherwise = 0.

  [ ]

**E**  **Probation/Parole/Confinement/Escape Status Violator This Time** ....... ....

  Neither on probation, parole, confinement or escape status at the time of the current offense; nor committed as a probation, parole, confinement, or escape status violator this time =1; Otherwise =0

  [0]

**F**  **Older Offenders** ..........................................

  If the offender was 41 years of age or more at the commencement of the current offense (and the total score from Items A-E above is 9 or less) = 1; Otherwise = 0.

  [0]

**TOTAL SCORE** .................................................. 

  [4]

# 2.80 Guideline Worksheet
## Base Point Score

Name: Samuel Byrd          Reg. No. 02016-016

### Category I – Risk of Recidivism (Salient Factor Score) ..................... | 2 |

| SFS | Risk Category | Points |
|-----|---------------|--------|
| 10-8 | Very Good Risk | +0 |
| 7-6 | Good Risk | +1 |
| 5-4 | Fair Risk | +2 |
| ~~3-0~~ | ~~Poor Risk~~ | |

### Category II – Current or Prior Violence ............................... | 4 |

*Note: Use the highest applicable subcategory.*

| | |
|---|---|
| Violence in current offense and any felony violence in two or more prior offenses | +4 |
| Violence in current offense and any felony violence in one prior offense | +3 |
| Violence in current offense | +2 |
| No violence in current offense and any felony violence in two or more prior offenses | +2 |
| Possession of firearm in current offense if current offense is not scored as a crime of violence | +2 |
| No violence in current offense and any felony violence in one prior offense | +1 |
| None of the above | +0 |

### Category III – Death a Victim or High Level Violence (Type of Risk) .......... | 3 |

*Note: Use the highest applicable subcategory.*

| | |
|---|---|
| Current offense involved violence (high level or other violence) with death of victim resulting | +3 |
| Current offense involved attempted murder, murder conspiracy/solicitation, or violence in which death of the victim would have been the probable result | +2 |
| Current offense was high level violence (other than behaviors described above) | +1 |
| None of the above | +0 |

### Base Point Score (Total of Categories I through III) ................... | 9 |

U.S. Parole Commission

RD, SAMUEL                          ORDER

016-016    PR014302              _____
INITIAL    BSY                  _____
ek Beginning 9/4/2006           _____ Institution _____

case of the above-named, the Commission has carefully examined all the information at its disposal and the following action
gard to parole, parole status, or mandatory release status is hereby ordered:—

*Schedule for a Reconsideration Hearing
in 9/2011, after the service of 60 months from
hearing date of 9/6/06*

*Otis Thomas 9/8/06*
*Deborah Dunlap 9/7/06*
*Frances McNeil 9-15-06*
*Isaac Fulwood 9/20/06*

_____        _____
        (Date Notice sent)                           (Region-specify)

                         National Appeals Board _____
                                                              (check)

                         National Commissioners _____
                                                              (check)

                         Full Commission _____
                                                         (check)

PAROLE FORM H-4
APR. 83

Ex. 4

 

S. Department of Justice
United States Parole Commission
5550 Friendship Boulevard
Chevy Chase, Maryland 20815-7201

**Notice of Action**

Name: BYRD, Samuel
Register Number: 02016-016
DCDC No: 169-421

Institution: Big Sandy USP

Date: September 22, 2006

As a result of the hearing conducted on September 6, 2006, the following action was ordered:

Deny parole. Continue to a Five-Year Reconsideration Hearing in September 2011.

**REASONS:**

Your Total Guideline Range is 442-486 month(s). See the attached sheet for the components that make up your Total Guideline Range. These components are your Salient Factor Score; Base Point Score; Base Point Score Guideline Range; Months Required to Serve to Parole Eligibility Date; Disciplinary Guidelines (if applicable); and Superior Program Achievement Award (if applicable).

You have been in confinement as a result of your current offense behavior for a total of 318 months as of September 6, 2006.

After consideration of all factors and information presented, a decision outside the Total Guideline Range at this consideration is not found warranted.

THE ABOVE DECISION IS NOT APPEALABLE.

Copies of this Notice are sent to your institution and to your supervising officer. In certain cases, copies may also be sent to the sentencing court. You are responsible for advising any others you wish to notify.

cc:     CSS Data Management Group
        D.C. Court Services & Offender Supervision Agency
        300 Indiana Avenue, N.W., Suite 2070
        Washington, D.C. 20001

Byrd 02016-016
Queued: 09-22-2006 11:12:20 BOP-Big Sandy USP |

-1-

Clerk:    ADC

Ex. 5

# SALIENT FACTOR SCORE (SFS-98)

**Your Pts**   **Salient Factor Score (SFS-98) Item Explanations**

1   **A - Prior convictions/adjudications (adult or juvenile)** None = 3; One = 2; Two or three = 1; Four or more = 0

1   **B - Prior commitments of more than thirty days (adult or juvenile)** None = 2; One or two = 1; Three or more = 0

2   **C - Age at commencement of the current offense/prior commitments of more than thirty days (adult or juvenile)** (see table below for an explanation)

0   **D - Recent commitment free period (three years)**
No prior commitment of more than thirty days (adult or juvenile), or released to the community from last such commitment at least three years prior to the commencement of the current offense = 1; Otherwise = 0

0   **E - Probation/parole/confinement/escape status violator this time**
Neither on probation, parole, confinement, or escape status at the time of the current offense, nor committed as a probation, parole, confinement or escape status violator this time = 1; Otherwise = 0

0   **F - Older offenders**
If the offender was 41 years or more at the commencement of the current offense (and the total score from items A-E above is 2 or less) = 1; Otherwise = 0

4   **Salient Factor Score (SFS-98) (sum of points for A-F above)**

## BASE POINT SCORE

**Your Pts**   **Base Point Score Category Explanations**

2   **I - Contribution from Salient Factor Score**
10-8 (Very Good Risk) = +0; 7-6 (Good Risk) = +1; 5-4 (Fair Risk) = +2; 3-0 (Poor Risk) = +3

4   **II - Current or Prior Violence**
Violence in current offense and any felony violence in two or more prior offenses = +4; Violence in current offense and any felony violence in one prior offense = +3; Violence in current offense = +2; No violence in current offense and any felony violence in two or more prior offenses = +2; Possession of firearm in current offense if current offense is not scored as a crime of violence = +2; No violence in current offense and any felony violence in one prior offense = +1

3   **III - Death of Victim or High Level Violence** (Category III points are added to points scored in Categories I and II)
Current offense was high level or other violence with death of victim resulting = +3; Current offense involved attempted murder or violence in which death of a victim would have been a probable result = +2; Current offense was other high level violence = +1

9   **Base Point Score (sum I-III above)**

---



## DISCIPLINARY GUIDELINES

You have 1 non-drug related infraction(s) [0-2 months each], which requires 0-2 months to be added to your base point score guideline range.

You have 1 drug related infraction(s) [0-8 months each], which requires 0-8 months to be added to your base point score guideline range.

You have behavior that constitutes new criminal conduct in a prison facility or community corrections center which is rated as Category Three severity because it involved possession of a weapon. This requires 12-16 months to be added to your base point score guideline range.

You have an aggregate disciplinary guideline range of 12-26 months, which is to be added to your base point score guideline range.

## SUPERIOR PROGRAM ACHIEVEMENT AWARD

You have been granted a reduction of 6 month(s) from your Total Guideline Range for superior program achievement. This was granted because you completed the 18 month CODE Program.

## TOTAL GUIDELINE RANGE

| | |
|---|---|
| 110—140 | Base Point Score Guideline Range |
| 326—326 | Months Required to Serve to Parole Eligibility Date |
| 12— 26 | Disciplinary Guideline Range |
| less  6——6 | Superior Program Achievement Award (if applicable) |
| 442—486 | Total Guideline Range |

| Base Point Score Guideline Range | | Points For SFS Item C | | | |
|---|---|---|---|---|---|
| Base Point Score | Guideline Range | Age | Prior Commitments | | |
| | | | 0-3 | 4 | 5+ |
| 3 or less | 0 months | 26 & Up | 3 | 2 | 1 |
| 4 | 12-18 months | | | | |
| 5 | 18-24 months | 22-25 | 2 | 1 | 0 |
| 6 | 36-48 months | | | | |
| 7 | 54-72 months | 20-21 | 1 | 0 | 0 |
| 8 | 72-96 months | | | | |
| 9 | 110-140 months | 0-19 | 0 | 0 | 0 |
| 10 | 136-172 months | | | | |



06-739

Samuel L. Byrd, Jr.
Reg. No: 02016-016
DCDC No: 169-421
USP Big Sandy
P.O. Box 2068
Inez, KY  41224

OCT 16 2006

October 8, 2006

Disclosure Specialist
United States Parole Commission
5550 Friendship Blvd.
Chevy Chase, MD  20815-7201

RE:  Freedom of Information Act Request

Disclosure Specialist:

On September 27, 2006, I received a copy of my "Notice of
Action" from my case manager Mrs. Melissa Parr.  This is a document
of my parole hearing held on September 6, 2006, via video conference
at USP Big Sandy conducted by Examiner Thomas.

I am respectfully requesting a copy of the Parole Examiner's
"summary" and the "addendum to hearing summary" to my case.  Also,
any and all information that was utilized to deny parole.  I am
requesting this information pursuant to the Freedom of Information
Act and the United States Parole Commission Rules and Procedures
Manual:

§2.72(g):  A full and complete recording of every parole
hearing shall be retained by the Commission.  Upon request pursuant
to §2.56, the Commission shall make available to any eligible
prisoner such record as the Commission has retained of the hearing.

§2.56(A):  Copies of disclosable records pertaining to a
prisoner or parolee which are contained in the subject's Parole
Commission file may be obtained by that prisoner or parolee upon
written request pursuant to this section.

§2.56(b):  Requests that are only for a copy of the tape
recording of a hearing will be processed ahead of requests seeking
multiple documents from the Parole Commission file (priority
processing).  For example, a request for a tape recording and the
Examiner's summary qualifies for priority processing.

Ex. 6

Samuel L. Byrd, Jr.
Reg. No: 02016-016
DCDC No: 169-421
USP Big Sandy
P.O. Box 2068
Inez, KY   41224

October 8, 2006

Office of the Disclosure Specialist
United States Department of Justice
United States Parole Commission
5550 Friendship Blvd.
Chevy Chase, MD   20815-7201

### Declaration Under Penalty of Perjury

Pursuant to Title 28, USC §1746, I do hereby declare under penalty of perjury that I am the party, i.e., Samuel L. Byrd, Jr.

Date of Birth: June 28, 1953.  Social Security Number: 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.

This "Notice" shall serve as proof of my identity.

Respectfully,

/s/ *Samuel D. Byrd Jr.*
Samuel L. Byrd, Jr. #02016-016

Letter to Disclosure Specialist
Page Two


     Pursuant to the FOIA/Privacy Act, Title 28 of the Code of
Federal Regulations (CFR), and the above cited sections of the
United States Parole Commission's Rules and Procedures Manual,
I am requesting **"priority processing"**.


                          Respectfully Yours,


/s/ _Samuel L. Byrd_
       Samuel L. Byrd #02016-016




**U.S. DEPARTMENT OF JUSTICE**
**United States Parole Commission**

*5550 Friendship Boulevard*
*Chevy Chase, Maryland 20815-7201*
*Telephone: (301)492-5821*
*Facsimile: (301)492-5525*

December 6, 2006

Mr. Samuel L. Byrd
Reg. No. 02016-016
USP Big Sandy
P.O. Box 2068
Inez, KY 41224

**Re: Your Disclosure Request**

Dear Mr. Byrd:

This is in response to your request of October 8, 2006 received on October 16, 2006 for copies of documents from your parole file. The terms of your request cover:

Copies of all documents contained in the U.S. Parole Commission's file.

The Commission is disclosing all of the documents you requested which are in your active file as of the date of this response, <u>except</u> those documents or portions of documents listed below.

Because of safety and security reasons, Bureau of Prisons policy prohibits inmates from obtaining or possessing copies of pre-sentence reports or any document that states reasons for a sentencing decision. Therefore, this disclosure does not include such documents. You may obtain access to these documents through your institutional unit staff.

Because the Parole Commission is exempt from the access provisions of the Privacy Act, this disclosure is made under the Freedom of Information Act (FOIA).

Under the FOIA, a document or portion thereof, may be withheld if protected by any of the FOIA exemptions. These exemptions can be found at 5 U.S.C. Section 552(b)(1)-(9).

The following documents have been withheld on the basis of the FOIA exemptions cited below:

1. Washington, D.C. Police Reported dated March 5, 1980
(b)(6)-Clearly unwarranted invasion of personal privacy of others
(b)(7)(C)-unwarranted invasion of personal privacy of others

There are documents in your file that are duplicates of documents that originated with the Bureau of Prisons (BOP). These documents are available through your case manager. We have not interpreted your request to include these documents as you may already have obtained them from the BOP. Please advise the undersigned if you wish the Parole Commission to process these

*Ex. 7*



documents. Under departmental regulations, the Commission will then refer these documents to the BOP for processing and a direct response to you.

There are documents in your file that are duplicates of documents that originated with the D.C. Department of Corrections. These documents should be available to you through your case manager.

**Any documents submitted by you or your representative are not enclosed, but will be sent if you so request.**

Unfortunately, the original copy of your tape recorded hearing is blank and we are unable to provide a copy to you.

If you are dissatisfied with my action on this request, you have thirty (30) days from the receipt of this letter to appeal this decision to the Chairman of the U.S. Parole Commission. An appeal to the Chairman must be made in writing and addressed to the Office of the Chairman, U.S. Parole Commission, 5550 Friendship Boulevard, Suite 420, Chevy Chase, MD 20815.

Sincerely,

Anissa N. Hunter
FOIA Specialist

Enclosures - 171 pages

ANH

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

_____
                                              )
SAMUEL L. BYRD,                               )
                                              )
          Plaintiff                           )
                                              )
                                              ) Civil Action No. 07-0322 (RMC)
          v.                                  )
                                              )
UNITED STATES PAROLE COMMISSION               )
          et al.                              )
                                              )
          Defendants.                         )
_____ )

**ORDER**

Upon consideration of Defendants' Motion to Dismiss or In The Alternative, For

Summary Judgment, the relevant law, and the entire record herein, it is this _____ day of

_____, 2007

ORDERED that Defendants' Motion to Dismiss is GRANTED, and it is further

Further ORDERED that this case is DISMISSED WITH PREJUDICE.

This is a final appealable order.

SO ORDERED.


                                    _____
                                    UNITED STATES DISTRICT JUDGE