UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

SAMUEL L. BYRD )
Federal Registration No. 02016-016 )
U. S. Penitentiary-Big Sandy )
P. O. Box 2068 )
Inez, KY 41224, )
       Plaintiff )
)
) Civil Action No. 07-0322 (RMC)
-vs- )
)
UNITED STATES PAROLE COMMISSION )
  et. al. )
       Defendants )

07-332

**RECEIVED**

AUG 1 5 2007

NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

PLAINTIFF'S REPLY TO DEFENDANTS'
MOTION TO DISMISS, OR IN THE ALTERNATIVE
FOR SUMMARY JUDGMENT

    The plaintiff, **SAMUEL L. BYRD, pro se** (hereinafter referred to as "Byrd"), respectfully represents unto this Honorable Court as follows as his **PLAINTIFF'S REPLY TO DEFENDANTS' MOTION TO DISMISS, OR IN THE ALTERNATIVE, FOR SUMMARY JUDGMENT** herein:

### PROCEDURAL POSTURE

    Byrd filed a complaint against the defendants, jointly and severally, seeking declaratory and injunctive relief. He subsequently amended his pleadings pursuant to Federal Rule of Civil Procedure 15(a). The defendants have filed a Motion to Dismiss, or in the Alternative, for Summary Judgment. The current pleading constitutes Byrd's reply to the defendants' motions.

    The defendants' motion challenged venue and averred that sovereign immunity bars claims under 42 U.S.C. §1983 against the parole commission. The plaintiff has herein conceded to the nonapplicability of 42 U.S.C. §1983 and the U. S. District Court for the District of Columbia as an improper venue. Thus, Byrd

is attaching hereto and filing herewith a Motion for Change of Venue to the U. S. District Court, Eastern District of Kentucky, Pikeville, Kentucky. In addition, he is attaching hereto and filing herewith a second amended complaint removing 42 U.S.C. §1983 as a basis for relief and amending the complaint to comport with the defendants' objections and criticisms, when applicable. A second Motion Under Rule 15 of the Federal Rules of Civil Procedure is also attached hereto and filed herewith seeking authority to file a second amended complaint.

Byrd has no expertise in legal drafting and has to depend upon others to draft pleadings and other documents necessitated by litigation. Thus, he respectfully requests that the court accord him leave to correct what amounts to a botched effort to litigate a truly meritorious claim against the defendants. He respectfully seeks liberal construction of the enclosed pleadings.

## ARGUMENT

### A. Sovereign Immunity Bars Section 1983 Claims Against the Parole Commission

Byrd agrees that the Parole Commission may not be sued under 42 U.S.C. §1983. Therefore, a second amended complaint is attached hereto and filed herewith substituting <u>Bivens</u> v. <u>Six Unknown Named Agents of Federal Bureau of Narcotics</u>, 403 U. S. 388 (1971), as his authority for asserting the declaratory and injunctive claims herein. All references to 42 U.S.C. §1983 as a basis for authority have been removed.

### B. <u>Venue Is Improper</u>

Upon reading the defendants' responsive pleadings, Byrd agrees that the U. S. District Court, District of Columbia, is an improper venue under 28 U.S.C. §1391(e). The proper venue is the U. S.

District Court, Eastern District of Kentucky, Pikeville Division. Byrd has attached hereto and filed herewith a Motion for Change of Venue seeking transfer of venue to the appropriate court.

### C. Byrd Has Stated a Claim Upon Which Relief Can Be Granted

The defendants filed a motion to dismiss pursuant to Federal Rules of Civil Procedure, Rule 12(b)(1),(3), and (6). They aver that "Plaintiff has abandoned his Bivens claims" and that "He does not name any federal defendants in their individual capacities." To the contrary, Byrd is asserting claims against the defendants in their official capacities and he has not abandoned his Bivens claims. The Second Amended Complaint attached hereto and filed herewith specifically alleges that the claim is asserted based upon Bivens. There is no place in the pleadings in which Byrd avers that he has abandoned Bivens claims, nor has he deleted any claims against the defendants in their official capacities. In fact, wherever 42 U.S.C. §1983 appears in the pleadings, Bivens has been substituted in its place and stead.

### D. The Defendants Have Failed To Argue Their Alleged Ground of Summary Judgment

The response of the United States appears to seek summary judgment under Rule 56 of the Federal Rules of Civil Procedure. However, the response does not allege that there are no genuine issues of material fact. There are genuine issues of material fact throughout Byrd's amended complaint. Thus, summary judgment is inappropriate herein.

**WHEREFORE**, the plaintiff, **SAMUEL L. BYRD, pro se**, respectfully requests that this Court grant his Motion to Amend Pleading and Motion for Change of Venue; that the Court deny the defendants'

- 4 -

motion for summary judgment, motion to dismiss, and all other motions filed on behalf of the defendants; and the plaintiff respectfully requests that this Honorable Court grant such other and further relief that the court might deem just, fair, and equitable under the circumstances set forth herein.

/s/ Samuel L. Byrd, Jr.
SAMUEL L. BYRD, JR.
Pro Se


### CERTIFICATE OF SERVICE

I, **SAMUEL L. BYRD, JR., pro se,** do hereby certify that a true copy of the foregoing **PLAINTIFF'S REPLY TO DEFENDANTS' MOTION TO DISMISS, OR IN THE ALTERNATIVE, FOR SUMMARY JUDGMENT** was duly forwarded via first-class U. S. Mail, postage pre-paid, to Quan K. Luong, Special Assistant United States Attorney, 555 Fourth Street, N.W., Room E-4417, Washington, D.C. 20530, this 13th day of August, 2007.

/s/ Samuel L. Byrd, Jr.
SAMUEL L. BYRD, JR.
Pro Se