UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| SAMUEL L. BYRD,     Plaintiff        v. UNITED STATES PAROLE COMMISSION et al.     Defendants. | Civil Action No. 07-0322 (RMC) |

### DEFENDANTS' OPPOSITION TO PLAINTIFF'S SECOND MOTION FOR LEAVE TO FILE AN AMENDED COMPLAINT AND MOTION FOR CHANGE OF VENUE

On or about February 9, 2007, plaintiff filed a complaint against the United States Parole Commission ("Parole Commission" or "Commission") and a number of Parole Commission employees, specifically Edward F. Reilly, Otis Thomas, P. Denton, John Doe #1 and #2, Anissa Hunter, and Tarnisha Jackson. See Docket Entry 1. Plaintiff claimed jurisdiction pursuant to 42 U.S.C. § 1983 and alleged violations of the Ex Post Facto Clause and the Fifth and Fourteenth Amendments of the United States Constitution when the Parole Commission denied him parole on or about September 22, 2006. Compl. at 1-4. Plaintiff claimed that he was suing all named defendants in both their individual and official capacities and, in pertinent part, sought $10,000,000.00 in compensatory damages and $5,000,000.00 in punitive damages. Compl. at 15-16. Plaintiff also sough injunctive relief. Id.

On June 6, 2007, plaintiff then filed an amended complaint. Docket Entry 17. In his amended complaint, plaintiff named as additional defendants Cranston Mitchell, Patricia Cushwa, Isaac Fulwood, and Deborah Spagnoli. Plaintiff's specific claims and allegations,

however, remained largely the same. According to the plaintiff, Parole Commission Hearing Examiner Otis Thomas, who presided over his September 6, 2006 parole hearing, used "inaccurate information and charges" in denying him parole and also acted partially and unprofessionally during his hearing. Am. Compl. at 15, ¶¶ 61-62 and 16, ¶ 66; see also id. at 19-21, ¶¶ 81-88. Plaintiff also alleges that Hearing Examiner Thomas erroneously applied the 2000 parole guidelines to his case, rather than the 1987 D.C. Parole Guidelines. Id. at 17, ¶¶ 69-73. In his prayer for relief, plaintiff abandoned his request for monetary damages and sought only injunctive relief. Id. at 21. Specifically, plaintiff asked the Court to order the Parole Commission to utilize the D.C. Parole Board's 1987 guidelines and 1991 Policy Guidelines in assessing his eligibility for parole. Id.

     Defendants then filed a motion to dismiss, or in the alternative, for summary judgment. Docket Entry 19. In its motion, defendants noted that plaintiff's amended complaint did not appear to name any federal defendants in their individual capacities, nor was plaintiff seeking any monetary damages. Def. Mot. to Dismiss, fn 1. Defendants noted that because plaintiff was only seeking injunctive relief and because defendants can only carry out any Court order in their official capacities, plaintiff's claims were construed as against the defendants in their official capacities only. Id. Defendants then argued that sovereign immunity barred plaintiff's 42 U.S.C. § 1983 claims against the Parole Commission, that venue in this Court was improper, and that plaintiff failed to state either ex post facto or due process claims.

     On August 15, 2007, plaintiff filed the following pleadings: (1) response to defendants' motion to dismiss; (2) motion for leave to file a second amended complaint; and (3) motion to change venue. Docket Entries 22, 23, and 24. Per the Court's August 21, 2007 minute order,

defendants hereby file this single response to the plaintiff's various, recent pleadings.

## DISCUSSION

### I. Plaintiff's Second Motion for Leave to File an Amended Complaint Should Be Denied As Futile

Plaintiff moves for the second time to amend his complaint.  Docket Entry 23.  In his motion, plaintiff now avers that he brings this complaint pursuant to Bivens v. Six Unknown Named Agents of the Federal Bureau of Narcotics, 403 U.S. 388 (1971) (hereinafter "Bivens"), in lieu of 42 U.S.C. § 1983.  Pl. Second Mot. for Leave to File Am. Compl. at ¶ 3.  However, plaintiff still does not seek any monetary damages against any of the named defendants.  Second Am. Compl. at 20.  Instead, plaintiff seeks the very same injunctive relief that he sought in his first amended complaint.  Id.  See also Am. Compl. at 21.  Thus, because the defendants can carry out any Court order only in their official capacities, plaintiff's claims, despite his statements to the contrary, are against defendants in their official capacity only.  See, e.g., Brancaccio v. Reno, 964 F.Supp. 1, 2 n.4 (D.D.C. 1997), aff'd 1997 WL 634544 (D.C. Cir. 1997); see also Hafer v. Melo, 502 U.S. 21, 25 (1991) (In contrast to an official capacity claim against a federal employee, which seeks relief from the United States, an individual-capacity claim against a federal employee seeks recovery from the personal financial assets of the employee.).

Even if plaintiff's claims were somehow cognizable as Bivens claims against the defendants in their individual capacities or if plaintiff were allowed to amend his complaint yet again to request as relief monetary damages, this amended "Bivens" complaint, as discussed below, nevertheless suffers from numerous infirmities that still warrant dismissal.  As such,

defendants hereby oppose as futile plaintiff's second motion for leave to file yet another amended complaint.

> **A.  Sovereign Immunity Bars Any Constitutional <u>Bivens</u> Claims Against the Parole Commission And The Individual Defendants In Their Official Capacities**

To the extent that plaintiff seeks damages for alleged constitutional violations against the Parole Commission and the individual defendants in their official capacities, their claims must be dismissed absent a waiver of sovereign immunity.  <u>Meyer v. Reno</u>, 911 F. Supp. 11 (D.D.C. 1996); <u>Marshall v. Reno</u>, 915 F. Supp. 426 (D.D.C. 1996); <u>Deutsch v. U.S. Dept. of Justice</u>, 881 F. Supp. 49, 55 (D.D.C. 1995).  The inherent sovereign immunity of the United States protects it and its agencies [such as the Parole Commission] from suit absent express waiver.  <u>See</u> <u>United States v. Nordic Village</u>, 503 U.S. 30 (1992).  Sovereign immunity also bars suits for money damages against officials in their official capacities for nondiscretionary acts absent a specific waiver by the government.  <u>Clark v. Library of Congress</u>, 750 F.2d 89, 101-02 (D.C. Cir. 1984). Plaintiff's complaint does not contain any colorable basis for such a waiver.[1]  Therefore, to the extent plaintiff asserts claims for damages against the individual defendants in their official capacities and the Parole Commission as an agency, such claims must be dismissed for lack of subject matter jurisdiction.

> **B.  This Court Has No Personal Jurisdiction Over Any Individual Defendants**

Plaintiff fails to establish this Court's personal jurisdiction over any of the named

---

[1] When a plaintiff seeks monetary relief in tort against a department of the United States, the only possible basis for relief would be under the Federal Tort Claims Act ("FTCA"), 28 U.S.C. § 1346(b).  Plaintiff does not assert that he has exhausted necessary administrative remedies under the FTCA, which is a prerequisite to bringing an FTCA claim.  <u>GAF Corp. v. United States</u>, 818 F.2d 901, 904-05 & n.6 (D.C. Cir. 1987).

4

individual defendants. Specifically, plaintiff has not shown that any of the individual defendants named in this lawsuit are residents of the District of Columbia. Therefore, there is no in personam jurisdiction.

### 1. Plaintiff's burden

It is the plaintiff who bears the burden of pleading the facts necessary to substantiate in personam jurisdiction in this Court. Kernan v. Kurz-Hastings, Inc., 175 F.3d 236, 240 (2d Cir. 1999). As explained by this Court in Edmond v. U.S. Postal Service, 727 F. Supp. 7, 10 (D. D.C. 1989), aff'd in part and rev'd in part, 949 F.2d 415 (D. C. Cir. 1991):

> A plaintiff in district court must plead essential jurisdictional facts and must carry throughout the litigation the burden of showing that he is properly in court. "If his allegations of jurisdictional facts are challenged by his adversary in any appropriate manner, he must support them by competent proof. And where they are not so challenged the court may still insist that the jurisdictional facts be established or the case be dismissed, and for that purpose the court may demand that the party alleging jurisdiction justify his allegations by a preponderance of evidence." McNutt v. General Motors Acceptance Corp., 298 U.S. 178, 189 (1936).

Plaintiff has failed and cannot meet his burden to establish such necessary facts. All individually named defendants are moving for their dismissal from this lawsuit based upon lack of *in personam* jurisdiction, pursuant to Fed. R. Civ. P. 12(b)(2).

### 2. D.C. Code §13-423, the "Long Arm" statute

*In personam* jurisdiction may be maintained by the United States District Court for the District of Columbia only if permitted by the "long arm" laws of the District of Columbia. Crane v. Carr, 814 F. 2d 758, 762 (D.C. Cir. 1987). The District of Columbia exercises personal jurisdiction based upon the D.C. Code's "long arm" statute at D.C. Code §13-423 (2000), which states in relevant part:

>(a) A District of Columbia court may exercise personal jurisdiction over a person, who acts directly or by an agent, as to a claim for relief arising from the person's--
>
>>(1) transacting any business in the District of Columbia;
>>(2) contracting to supply services in the District of Columbia;
>>(3) causing tortious injury in the District of Columbia by an act or omission in the District of Columbia;
>>(4) causing tortious injury in the District of Columbia by an act or omission outside the District of Columbia if he regularly does or solicits business, engages in any other persistent course of conduct, or derives substantial revenue from goods used or consumed, or services rendered, in the District of Columbia;
>>(5) having an interest in, using, or possessing real property in the District of Columbia;
>>(6) contracting to insure or act as surety . . . ; or
>>(7) marital or parent and child relationship. . . .
>
>(b) When jurisdiction over a person is based solely upon this section, only a claim for relief arising from acts enumerated in this section may be asserted against him.

In the instant case, plaintiff's pleading does not establish proper *in personam* jurisdiction in the United States District Court for the District of Columbia under § 13-423. Crane at 762. The Defendants are obviously outside the "long arm" of this statute. Plaintiff has failed to establish that they transacted any business in the District of Columbia, contracted to supply services in the District of Columbia, or caused any tortious injury in the District of Columbia. Moreover, *in personam* jurisdiction cannot be predicated on the provisions of the sections (a)(3) and (4) of the "long arm" statute because the plaintiff does not and cannot claim that the federal employees at the federal prison where he was housed or those employees at Parole Commission headquarters caused him tortious injury within the District of Columbia. The injuries about which plaintiff complains occurred either at the United States Penitentiary ("USP") in Inez, KY or at Parole Commission headquarters in Chevy Chase, MD and he alleges no facts to establish

that he suffered any injury in the District of Columbia.  See Farmer v. Moritsugu, 163 F.3d 610 (D.C. Cir. 1998) (local medical staff treating in BOP institutions outside D.C. not subject to personal jurisdiction); Meyer v. Federal Bureau of Prisons, 940 F. Supp. 9 (D. D.C. 1996) (No personal jurisdiction over Bureau of Prisons case manager working in Rochester, Minnesota, sued in D.C. in individual capacity by inmate based upon claimed inaccuracy of prison records). There is no *act* or *injury* alleged to have been accomplished within the District of Columbia by any of these defendants.  Any injury to plaintiff necessarily took place outside the District of Columbia, since he was never housed here and all allegations in this action pertain to his incarceration in the USP in Inez, Kentucky or at Parole Commission headquarters in Maryland. Therefore, this Court lacks personal jurisdiction over the defendants for activities taking place outside the District of Columbia.

### 3. In personam jurisdiction requires "minimum contacts"

In order for the District Court for the District of Columbia to have personal jurisdiction over a non-resident defendant, jurisdiction must be proper under both the District of Columbia long-arm statute and consistent with the demands of due process.  United States v. Ferrara, 54 F.3d 825, 828 (D.C. Cir. 1995); Crane v. Carr, 814 F.2d 758, 762 (D.C. Cir. 1987).  "Since the District of Columbia's long-arm statute has been held to extend as far as the Due Process Clause allows, Mouzavires v. Baxter, 434 A.2d 988 (D.C. 1981) (en banc), cert. denied, 455 U.S. 1006 (1982), personal jurisdiction exists when the defendant has purposely established minimum contacts with the forum state and when the exercise of jurisdiction comports with 'traditional notions of fair play and substantial justice.' Asahi Metal Indus. Co. v. Superior Court of Cal., 480 U.S. 102 (1987)." Wiggins v. Equifax Inc., 853 F. Supp. 500 (D. D.C. 1994).  "Plaintiff's

claim for relief must arise from the defendants' contacts with the District of Columbia and his 'claims must bear some relation to the acts in the District that are relied upon to confer personal jurisdiction.' [D.C. Code] § 13-423(b). Bayles v. K-Mart Corp., 636 F. Supp. 852, 854 (D.D.C. 1986)." Id. at 502.

The burden is again on the plaintiff to establish that this Court can exercise personal jurisdiction over defendants consistent with the Due Process Clause. Blumenthal v. Drudge, 992 F. Supp. 44, 53 (D. D.C. 1998). Plaintiff in this case has wholly failed to allege such facts, and the allegations against all these defendants do not establish "minimum contacts" necessary to confer personal jurisdiction upon the District Court for the District of Columbia. It is undisputed that the plaintiff has been housed at the USP in Kentucky at all relevant times and that the headquarters of the Parole Commission is located in Maryland.

The presence in the District of Columbia of the defendants must be "continuous and systematic" and relative to the claim to meet the "minimum contacts" requirement. International Shoe Co. v. Washington, 326 U.S. 310 (1945). In this case, plaintiff cannot show that any non-resident defendants have the requisite minimum contacts with the District of Columbia because the operative facts of any claim herein arose either in Kentucky or Maryland.

    **C.**    **Plaintiff Has Not Perfected Service Against Individual Defendants**

None of the individual defendants in this action were properly served with the complaint in accordance with the rules applicable to individual defendants. Simpkins v. District of Columbia Government, 108 F.3d 366, 369 (D.C. Cir. 1997). It is well established that, in an action against a federal employee in his or her individual capacity, the individually-sued defendant must be served with process in accordance with Rule 4(e) of the Federal Rules of Civil

Procedure. Id. Rule 4(e) provides that service is effectuated by complying with the laws of the state for such in which the district court is located by delivering a copy of the summons and complaint to the defendant (or his appointed agent) personally, or by leaving copies thereof at the defendant's dwelling house or usual place of abode with some person of suitable age and discretion who resides there. Fed. R. Civ. P. 4(e). The SCR-Civil 4(e)(2) allows for service upon individuals by first class, certified or registered mail. Actual notice will not, of course, substitute for technically proper service under Rule 4 and will not permit the Court to render a personal judgment against an individually-sued defendant. Sieg v. Karnes, 693 F.2d 803 (8th Cir. 1982); See also Stafford v. Briggs, 444 U.S. 527 (1980).

    In this case, plaintiff served the individual defendants only at their respective places of employment. See Docket Entry 5. Service at the defendant's place of employment is not proper service. Because the record in this action is devoid of any evidence of proper personal service upon the federal defendants in their individual capacities, this action cannot proceed against them individually and all claims against the defendants in their individual capacity should be dismissed.

    The District Court will lack jurisdiction over the federal officials, until all of the provisions of Rule 4(i)(1) and (2) are met. Ecclesiastical Order of the Ism of Am, Inc. v. Chasin, 845 F.2d 113, 116 (6th Cir. 1988); Sanchez-Mariani v. Ellingwood, 691 F.2d 592, 594 (1st Cir. 1982). It is the plaintiff in a civil action who has the burden of establishing the validity of service of process. Grand Entertainment Group, Ltd. v. Star Media Sales, Inc., 988 F.2d 476, 488 (3d Cir. 1993); Lensel Lopez v. Cordero, 659 F. Supp. 889, 890 (P.R. 1987). Therefore, if that cannot be demonstrated, this case should be dismissed based upon insufficiency of service of

process under Rule 12(b)(5).  Accordingly, claims against the individual defendants should be dismissed.

        **D.**      **Plaintiff Fails to State a Claim Upon Which Relief Can Be Granted**

        **1.**      **Plaintiff states no basis for <u>Bivens</u> claims brought against defendants Reilly Mitchell, Cushwa, Spagnoli, Fulwood, Denton, Jackson, and Hunter and respondeat superior may not be the basis of a <u>Bivens</u> suit**

Respondeat superior has been consistently rejected as a basis for the imposition of <u>Bivens</u> or §1983 liability.  <u>Marshall v. Reno</u>, 915 F.Supp. 426, 430 (D.D.C. 1996); <u>see also</u> <u>Monell v. Dep't of Social Srvcs</u>, 436 U.S. 658, 691 (1978); <u>Boykin v. District of Columbia</u>, 689 F.2d 1092, 1097-99 (D.C. Cir. 1982); <u>Estate of Rosenberg v. Crandell</u>, 56 F.3d 35, 37 (8th Cir. 1987).  In the absence of allegations that the named defendants personally participated in the events that gave rise to the plaintiff's claims or any corroborative allegations to support the inference that these defendants had notice of or acquiesced in such events, dismissal is appropriate.  <u>Marshall</u> at 429-30.  <u>See also</u> <u>Cameron v. Thornburg</u>, 983 F.2d 253, 258 (D.C. Cir. 1993) (complaint naming Attorney General and BOP Director as defendants based on theory of respondeat superior, without allegations specifying their involvement in the case, do not state *Bivens* claim).

In his second amended complaint, plaintiff fails to set forth any specific allegations of direct involvement or participation by defendants Reilly, Mitchell, Cushwa, Spagnoli, Fulwood, Denton, Jackson, and Hunter in the decision denying him parole.  In fact, the only instances in which plaintiff even refers to any of the defendants by name is in either the caption to his second amended complaint or in his rote listing of the defendants.  Second Am. Compl. at 1-2.  Plaintiff makes nothing more than conclusory and general statements, such as "defendants..., their predecessors, *or their designees* are and were responsible for considering and acting upon the

10

plaintiff's request for parole" or "defendants, jointly and severally, were and are responsible for reviewing and acting upon the plaintiff's request for parole." Id. at 1 (emphasis added) and ¶16. Plaintiff appears to be arguing that as supervisors or otherwise high level personnel in the Commission, the defendants are ultimately responsible for the actions of their subordinates. Even assuming arguendo that some, subordinate Parole Commission personnel somehow violated the plaintiff's constitutional rights, absent any allegations of direct involvement by the named defendants in any such violations, any Bivens claims against them must be dismissed.

### 2. Plaintiff fails to state any cognizable ex post facto or due process claims

As discussed in the defendants' motion to dismiss, see Def. Mot. to Dismiss at 4-11, plaintiff fails to state any cognizable ex post facto or due process claims. Rather than repeat those arguments here, defendants incorporate by reference those same arguments raised in defendants' earlier motion to dismiss. See Docket Entry 19.

### E. Individual Defendants Are Entitled to Absolute Immunity

Defendants Reilly, Mitchell, Cushwa, Spagnoli, Fulwood, Thomas, Denton, Jackson, and Hunter are all entitled to absolute immunity for any role they allegedly had in plaintiff's parole hearings. Doyle v. Camelot Care Ctrs., Inc., 305 F.3d 603, 622 (7th Cir. 2002) ("the scheduling of parole hearings constituted a judicial function subject to absolute immunity") (citing Thompson v. Duke, 882 F.2d 1180, 1184-85 (7th Cir. 1989)). See also Pate v. United States, 277 F. Supp. 2d 1, 8-11 (D.D.C. 2003).

Parole officials, including Commissioners, are absolutely immune from suit for their actions in parole-making decisions. Sellars v. Procunier, 691 F. 2d 1291 (9th Cir.), cert. denied, 454 U.S. 1102 (1981) (absolute immunity for Parole Board member); Walker v. Prisoner Review

Board, 769 F.2d 396, 398 (7th Cir. 1985), cert. denied, 474 U.S. 1065 (1986).  Specifically, "[b]ecause the scheduling of a parole revocation proceeding is part of the adjudicatory process, performed in this case at the direction of the [U.S. Parole Commission], [they] are entitled to absolute immunity to the extent of their involvement in this quasi-judicial function."  Doyle at 622.

Absolute immunity "flows not from rank or title or 'location within the Government,' but from the nature of the responsibilities of the individual official."  Cleavinger v. Saxner, 474 U.S. 193, 201 (1985) (quoting Butz v. Economou, 438 U.S. 478, 511 (1978)).  Although this form of immunity has traditionally been afforded only to judges, "the [Supreme] Court has extended absolute immunity to certain others who perform functions closely associated with the judicial process."  Cleavinger, 474 U.S. at 200.  These include, inter alia, parole board members who make release and revocation decisions as well as to the staff that assist the Commissioners in their quasi-judicial responsibilities including hearing examiners who conduct hearings and staff who make recommendations to parole board members.  Id. at 204; see also Reynolds El v. Husk, 273 F. Supp. 2d 11, 13 (D.D.C. 2002) (holding that Parole Commission hearing examiner is entitled to absolute immunity from suit for damages arising from Commission's decision to deny parole to prisoner); Walrath v. U.S., 35 F.3d 277, 281(7th Cir. 1994) (absolute immunity from suit applied to Parole Commission employees whose responsibilities are closely analogous to or integrally associated with the quasi-judicial process); Anton v. Getty, 78 F.3d 393, 396 (8th Cir. 1996) (holding that because the conclusions and recommendations of Commission officials are similar and closely connected to Commissioner decisions, they are also entitled to absolute immunity); Turner v. Barry, 856 F. 2d 1539, 1540 (D.C. Cir. 1988) (holding probation officer has

absolutely immune from liability for damages in § 1983 action for errors in presentence investigation report because probation officer's impartial fact-finding for preparation of the report is an integral part of the judicial function of sentencing). "Accordingly, the 'touchstone' for the doctrine's applicability has been 'performance of the function of resolving disputes between parties, or of authoritatively adjudicating private rights.'" Antoine v. Byers & Anderson, Inc., 508 U.S. 429, 435-436 (1993) (quoting Burns v. Reed, 500 U.S. 478, 500 (1991)).

In his second amended complaint, plaintiff makes claims against the Parole Commission and its employees related to the Parole Commission's decision to deny him parole. Thus, to the extent that Plaintiff is pursuing Bivens claims, individual defendants Reilly, Mitchell, Cushwa, Spagnoli, Fulwood, Thomas, Denton, Jackson, and Hunter are entitled to dismissal of all such claims against them under the doctrine of absolute immunity.

### F. Defendants Are Entitled To Qualified Immunity[2]

Plaintiff's constitutional claims should also be dismissed because defendants are entitled to qualified immunity. Qualified immunity shields government officials from suit in performance of a discretionary function unless that official's conduct violated a clearly established constitutional or statutory right of which a reasonable person would have known. Harlow v. Fitzgerald, 457 U.S. 800, 818 (1982). Qualified immunity is "an entitlement not to stand trial or face the other burdens of litigation." Mitchell v. Forsyth, 472 U.S. 511, 526 (1985). The privilege is "an immunity from suit rather than a mere defense to liability; and like an

---

[2] Again, this presumes that plaintiff's second amended complaint is somehow cognizable as a Bivens claim seeking monetary damages against the defendants in their individual capacities.

absolute immunity, it is effectively lost if a case is erroneously permitted to go to trial." Id.  The D.C. Circuit, in Farmer v. Moritsugu, 163 F.3d 610, 613 (D.C. Cir. 1998), explained:

> In short, "[a]n official is ... entitled to summary judgment [on qualified immunity grounds] unless '[t]he contours of the right [were] sufficiently clear that a reasonable official would [have] underst[ood] that what he [was] doing violate [d] that right.' " Harris v. District of Columbia, 932 F.2d 10, 13 (D.C. Cir. 1991) (quoting Anderson v. Creighton, 483 U.S. 635, 640 (1987)).

By "provid[ing] government officials with the ability reasonably to anticipate when their conduct may give rise to liability for damages," Anderson, 483 U.S. at 646, the doctrine of qualified immunity strikes a balance between compensating those injured by official conduct and protecting the Government's basic ability to function.  See Harlow, 457 U.S. at 813-14.  In other words, qualified immunity is designed to mitigate the social costs of exposing government officials to personal liability – costs such as "distraction of officials from their governmental duties, inhibition of discretionary action, and deterrence of able people from public service." Id. at 816; see also Harris, 932 F.2d at 13.  To this end, qualified immunity provides not simply a defense to liability, but also "an entitlement not to stand trial or face the other burdens of litigation, conditioned on the resolution of the essentially legal question whether the conduct of which the plaintiff complains violated clearly established law." Mitchell v. Forsyth, 472 U.S. 511, 526 (1985).

In determining whether a federal employee is entitled to qualified immunity from personal liability for money damages, there is a two-step process that must be followed by a federal court.  Saucier v. Katz, 121 S. Ct. 2151 (2001).  A court must always begin with this first step: "[t]aken in the light most favorable to the party asserting the injury, do the facts alleged show the [employee's] conduct violated a constitutional right?" Id. at 2156.  "If no constitutional

right would have been violated were the allegations established, there is no necessity for further inquiries concerning qualified immunity. On the other hand, if a violation could be made out on a favorable view of the parties' submissions, the next, sequential step is to ask whether the right was clearly established." Id. Therefore, if the first portion of the two-pronged test is not met, that is, there is no constitutional violation, then the defendants are entitled to qualified immunity. See Farmer v. Moritsugu, 163 F.3d 610, 613 (D.C. Cir. 1998) (no Eighth Amendment showing of deliberate indifference by BOP Medical Director; therefore, he was entitled to qualified immunity); Verdecia v. Adams, 327 F.3d 1171, 1177 (10th Cir. 2003) ("Because Verdecia cannot meet the first portion of the two-pronged test, the defendants are entitled to qualified immunity.").

Thus, if the Court concludes that defendants are not entitled to absolute immunity for their alleged actions, they are entitled to qualified immunity. Their actions were taken in the course of their employment and did not violate any clearly established constitutional or statutory right of which a reasonable person would have known. See Harlow, 457 U.S. at 818.

## II.     Plaintiff's Motion For Change of Venue Should Be Denied And His Complaint Dismissed

Plaintiff also filed a motion for change of venue. Docket Entry 24. In his motion, plaintiff acknowledges that the District of Columbia is not the appropriate venue for his second amended complaint. He states that "a substantial part of the events or omissions giving rise to the claim herein occurred in the Eastern District of Kentucky" and that he is housed at the USP in Big Sandy, Kentucky. Mot. for Change of Venue at 2. For these reasons, he requests that the Court enter an order transferring his complaint to the Eastern District of Kentucky, Pikeville

Division. Id.

As discussed above, plaintiff's second amended complaint and his Bivens claims suffer from numerous deficiencies. Even if this Court were to transfer this matter to the Eastern District of Kentucky, the plaintiff's amended complaint would still be subject to dismissal in that forum for lack of subject matter and personal jurisdiction, insufficient service, failure to state a claim, and absolute and/or qualified immunity. Consequently, defendants urge that dismissal, not transfer, is appropriate. Compare Simpkins v. District of Columbia, 108 F.3d 366 (D.C. Cir. 1997) (appropriate to dismiss insubstantial Bivens actions rather than transfer).

## CONCLUSION

For all of the foregoing reasons, plaintiff's second amended complaint should be denied as futile and this action should be dismissed in its entirety.

                Respectfully submitted,

                \_\_\_\_/s/_____
                JEFFREY A. TAYLOR, D.C. BAR # 498610
                United States Attorney

                \_\_\_\_/s/_____
                RUDOLPH CONTRERAS, D.C. BAR # 434122
                Assistant United States Attorney

                \_\_\_\_/s/_____
                QUAN K. LUONG
                Special Assistant United States Attorney
                555 Fourth Street, N.W., Room E-4417
                Washington, D.C. 20530
                (202) 514-9150 (telephone)
                (202) 514-8780 (facsimile)

## CERTIFICATE OF SERVICE

      I HEREBY CERTIFY that on this 17TH day of September, 2007, I caused service of the foregoing **DEFENDANTS' OPPOSITION TO PLAINTIFF'S SECOND MOTION FOR LEAVE TO FILE AN AMENDED COMPLAINT AND MOTION FOR CHANGE OF VENUE** to be made on the *pro se* plaintiff via first class mail:

      **SAMUEL L. BYRD**
      USP – Big Sandy
      P.O. Box 2068
      Inez, KY 41224

      Respectfully submitted,

      _____/s/_____
      QUAN K. LUONG
      Special Assistant United States Attorney
      555 Fourth Street, N.W., Room E-4417
      Washington, D.C. 20530
      (202) 514-9150 (telephone)
      (202) 514-8780 (facsimile)