UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |  |
|---|---|---|
| SAMUEL L. BYRD, JR., | ) | |
| Plaintiff, | ) ) ) | |
| v. | ) ) | Civil Action No. 07-332 (RMC) |
| U.S. PAROLE COMMISSION, *et al.*, | ) ) ) | |
| Defendants. | ) ) | |

## ORDER

Before the Court is Plaintiff Samuel L. Byrd's Motion for Change of Venue [Dkt. # 24]. For the reasons that follow, Plaintiff's Motion will be granted and this case will be transferred to the Eastern District of Kentucky.

Mr. Byrd, proceeding *pro se*, is a federal inmate who, at all times relevant to the Amended Complaint [Dkt. # 17], has been in the custody of the Federal Bureau of Prisons and incarcerated at the United States Penitentiary in Inez, Kentucky. Am. Compl. at 2. Mr. Byrd is currently serving a sentence of thirty-two years to life for various offenses, including but not limited to first degree murder, felony murder, kidnapping, armed robbery, assault, and grand larceny. *Id*. at 14. The Amended Complaint, brought pursuant to 42 U.S.C. § 1983, alleges violations of the Ex Post Facto Clause and the Fifth and Fourteenth Amendments of the United States Constitution. *Id*. at 16. The allegations are based on the denial of parole to Mr. Byrd by the Parole Commission in September 2006. *Id*. According to the Complaint, Parole Commission Hearing Examiner Otis Thomas, who presided over the September 2006 parole hearing, used "inaccurate information and charges" in denying Mr. Byrd parole and lacked impartiality and professionalism during the hearing.

*Id*. at 15, ¶¶ 61-62; 16, ¶ 66; *see also id*. at 19-21, ¶¶ 81-88. Mr. Byrd also alleges that the Parole Commission erroneously applied the 2000 parole guidelines to his case rather than the 1987 D.C. Parole Guidelines. *Id*. at 17, ¶¶ 69-73. Mr. Byrd seeks injunctive relief ordering the Parole Commission to utilize the D.C. Parole Board's 1987 guidelines and 1991 Policy Guidelines in assessing his eligibility for parole. *Id*. at 21.

28 U.S.C. § 1391(e), which covers the venue provision for lawsuits against employees of the United States acting in their official capacities or any agency of the United States, provides that venue is proper in one of the following three districts: (1) where a defendant in the action resides; (2) where a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated, or (3) where the plaintiff resides if no real property is involved in the action.

In his Amended Complaint, Mr. Byrd sets forth no allegations to establish that venue can be maintained in this jurisdiction. That is, he does not allege, let alone establish, that any Defendants in this action reside in the District of Columbia. *See* 28 U.S.C. §1391(e). Moreover, Mr. Byrd received his challenged parole hearing at the place of his incarceration in the Eastern District of Kentucky and all decision-making regarding his possible parole occurred at the Parole Commission office in the District of Maryland. *See id*.

Defendants filed a Motion to Dismiss Plaintiff's Complaint for, *inter alia*, improper venue. *See* Defs.' Mem. in Supp. of Mot. to Dismiss [Dkt. # 19] at 3-4. In Mr. Byrd's response to Defendants' Motion to Dismiss, he concedes that the "United States District Court for the District of Columbia [is] an improper venue," *see* Pl.'s Reply to Defs.' Mot. to Dismiss [Dkt. # 22] at 2, and

asserts that the "proper venue is the U.S. District Court, Eastern District of Kentucky." *Id.* at 2-3. For that reason, Mr. Byrd filed the instant Motion for Change of Venue.

The Court agrees that 28 U.S.C. § 1391(e) dictates that the Eastern District of Kentucky is the proper jurisdiction to litigate this case. Although an action filed in the wrong district may be dismissed, the Court finds it in the interest of justice to transfer this action to the district where it could have been brought. *See* 28 U.S.C. § 1406(a) ("The district court of a district in which is filed a case laying venue in the wrong division or district shall dismiss, or if it be in the interest of justice, transfer such case to any district or division in which it could have been brought."). Resolution of all other pending motions will be left to the transferee court. It is hereby

**ORDERED** that Plaintiff's Motion for Change of Venue [Dkt. # 24] is **GRANTED**; and it is

**FURTHER ORDERED** that, pursuant to 28 U.S.C. § 1406(a), the Clerk of this Court shall **TRANSFER** this action to the United States District Court for the Eastern District of Kentucky.

**SO ORDERED**.

/s/
ROSEMARY M. COLLYER
United States District Court

Date: January 22, 2008